PRESTON (UNITED STATES v.). See Case No. 16,087.
PRESTON (WORTHINGTON v.). See Case No. 18,055.

## Case No. 11,399.
### PRESTON v. YOUNG.
[1 Cranch, C. C. 357.] [1]
Circuit Court, District of Columbia. Nov. Term, 1806.

CONTRACTS—NOT COMPLETED—QUANTUM MERUIT.

If the plaintiff has done part of the work contracted for by an agreement under seal, and is prevented by the defendant from finishing the job, he may recover the value of the work which he has done, in an action of assumpsit.

Quantum meruit for work and labor done, (and materials furnished,) as a carpenter. The defendant proved a special agreement under hand and seal. The plaintiff offered evidence that he was interrupted by the yellow fever from proceeding with the work, and that before the fever subsided, the defendant employed another person to complete the work. The agreement was as follows: "Alexandria, July 29th, 1803. Memorandum of an agreement made, &c., that the said James Young doth agree to pay to the said Thomas Preston, $200, for building the shop as high as my dwelling, and to put in two 12-light frames, lay on 4-4 floor, and finding all the materials, glass excepted. Thomas Preston. (L. S.) James Young. (L. S.)" The defendant prayed the court to instruct the jury, that if, from the evidence, it shall appear to them that the work, labor, and materials were done and furnished by the plaintiff for the defendant, in consequence of said written agreement between the said parties under seal, then this action of assumpsit will not lie. Which instruction, the court refused; but instructed the jury that if they should be of opinion, from the evidence, that the plaintiff was prevented by the defendant from proceeding to complete the work according to the agreement, in a reasonable time, then the plaintiff had a right to recover in this form of action, as much as he deserved to have for his work and materials. A bill of exceptions was taken by the defendant, and the judgment was reversed by the supreme court. [Young v. Preston] 4 Cranch [8 U. S.] 239.

THE COURT below, was of opinion, that Preston could support his quantum meruit, notwithstanding the written agreement. The grounds of that opinion were, that Young, by refusing to suffer the plaintiff to complete the contract, had dissolved the agreement, on his part, so that he could never have sustained an action upon it, against Preston, and if he could not have sustained an action upon it, he could not set it up to defeat the

[1] [Reported by Hon. William Cranch, Chief Judge.]

action of the plaintiff. He had treated the contract as at an end, and thereby had authorized the plaintiff to consider himself absolved from its obligation. It is true, the plaintiff was not bound to abandon the contract, and might have brought suit upon it, and compelled the defendant, Young, to pay the whole $200. But he was not obliged so to do. He was at liberty to waive the contract, and sue upon the implied assumpsit. The defendant, by his own act, had abandoned the contract, and it did not lay in his mouth to insist upon it. A quantum meruit is an equitable action, and is more favorable for the defendant than action upon the contract. The case of Towers v. Barrett. 1 Term R. 133, was considered as having decided the principle that where a contract is put an end to, the plaintiff may recover back what he has advanced upon such contract. So, by analogy, it was inferred, that where labor and materials are advanced upon a contract which is put an end to, the plaintiff may recover the value of such labor and materials. And 1 Pow. Cont. 417, was relied upon as establishing the principle, that he who prevents another from fulfilling his part of the contract, can never maintain an action against the party who is thus prevented from performing. The court was therefore of opinion, that Young was, by his own act, bound to consider the contract as entirely dissolved. For although it is said that a contract under seal cannot be dissolved by parol, yet this was not a dissolution by parol, but by matter in pais. And where a cause of action arises, partly by deed, and partly by matter of fact to be proved by parol, the damages may be discharged by parol. In Giles v. Edwards, 7 Term R. 181, Lord Kenyon said, "This was an entire contract; and as by the defendant's default the plaintiffs could not perform what they had undertaken to do, they had a right to put an end to the whole contract, and to recover back the money that they had paid under it." Bull. N. P. 139. "If in a quantum meruit for work and labor, the plaintiff proved he had built a house for the defendant, though the defendant should afterwards prove that there was a special agreement about the building of it, viz.: that it should be built at such a time and in such a manner, and that the plaintiff had not performed the agreement, yet the plaintiff would recover upon the quantum meruit, though doubtless such proof on the part of the defendant might be proper to lessen the quantum of the damages." In the case of Atty v. Parish, 4 Bos. & P. 104, the plaintiff did not bring his action upon the ground that the special agreement was at an end, but on the ground of its being in full force, and actually offered it in evidence to support his general count. And the court of common pleas decided agreeably to the indisputable general rule of law, "that wherever the action is founded on a deed, it must be declared upon." In

Cooke v. Munstone, Id. 351, there was a special count claiming damages for non-performance of a special contract; and a count for money had and received, claiming the money paid in advance upon the contract. The plaintiff, on the trial, proved a different contract from that laid in the special count, and a failure on the part of the defendant to comply with his part of it. It was decided that the plaintiff could not recover on the 1st count, because of the variance; and not on the 2d count, because a special contract, still open and subsisting, was proved on the trial. Both the cases, Atty v. Parish, and Cooke v. Munstone, fully recognize the law as laid down in Towers v. Barrett, 1 Term R. 133, and Giles v. Edwards, 7 Term R. 181, viz.: that where the contract is put an end to, the plaintiff may recover for what he has advanced on the faith of the contract; and that if the defendant prevents the plaintiff from performing his part, the latter has a right to put an end to the whole contract. See, also, Weston v. Downes, 1 Doug. 23; Payne v. Bacomb, 2 Doug. 651; Power v. Wells, Cowp. 818; and Hunt v. Silk, 5 East. 449.

PRESTON, The A. B. See Case No. 3,524.

PRETERRE (GOODYEAR DENTAL VULCANITE CO. v.). See Cases Nos. 5,595 and 5,596.

PRETTYMAN (DELAWARE R. CO. v.). See Case No. 3,767.

PREUSS (LEE v.). See Case No. 8,199.