(PRACTICE.)

## The Argo.

The provision in the judiciary act of 1789, ch. 20., section 30., as to taking depositions *de bene esse*, does not apply to cases pending in this court, but only to cases in the district and circuit courts. Testimony by depositions can be regularly taken for this court only under a commission issuing according to its rules.

APPEAL from the circuit court for the district of Massachusetts.

This was an information for a violation of the non-importation acts. On the part of the appellants it was alleged, that the vessel, (which sailed from Portland, in the District of Maine, in April, 1813, and returned to that port, laden with a cargo of molasses, in the month of August, of the same year,) instead of going to *Cumana*, her ostensible port of destination, had proceeded to *Guadaloupe*, then a British possession, and there took in her cargo. This was the sole question of fact in the cause; on which the court below decreed restitution to the claimant, from which decree an appeal was entered on behalf of the United States to this court.

1817.

The Argo.

March 7th.

Mr. *Webster,* for the claimants, objected to the reading of the depositions taken *de bene esse,* in this cause. He argued, that there is no provision in the laws, by which testimony in writing can be taken, to be used here, without a commission issuing from this court. The provisions of the judiciary act of 1789, ch. 20., section 30., do not extend to the supreme court; and the act of 1803, ch. 93., does not prescribe any new mode of taking testimony, but only declares that new evidence may be used in prize and instance causes. *Ex parte.* testimony may be taken to be used in the courts below, but *here* it may not; because this is the tribunal of last resort, and the other party might be surprised by the production of such proof to his irretrievable injury. It was to guard against this consequence that the laws omitted any provision for such testimony to be used in this court.

The *Attorney-General,* contra, stated, that it had been the uniform practice to take testimony to be used in this court in the same manner as if taken for the district and circuit courts; and that the practice had been uniformly acquiesced in. He argued, that this court, sitting as a court of admiralty, had a right to receive *ex parte* affidavits, in the same manner as the circuit and district courts, or the courts of admiralty abroad, who received affidavits and permitted them to be read, whether taken *ex parte* or under a commission.

March 11th.

Mr. Chief Justice MARSHALL delivered the opinion of the court.

On considering the 30th section of the judiciary act of 1789, the court is of opinion that the provision, as to taking depositions *de bene esse*, does not apply to cases pending in this court. In terms, the provision refers to cases in the district and circuit courts. Testimony, by depositions, can be regularly taken for this court only under a commission issuing according to its rules. A practice has hitherto prevailed to take depositions *de bene esse* in causes pending here, and, as no objection has been made at the bar, it has passed *sub silentio.* Under such circumstances we cannot say that the United States are in default in taking depositions according to the usual practice. We shall, therefore, continue this cause to the next term, to enable the parties, if they choose, to take testimony under commissions issued under the rules prescribed by this court.

### Cause continued.[a]

a See the rule of the present term as to the mode of taking depositions, by commission, out of this court, or the circuit courts, in causes of admiralty and maritime jurisdiction. This rule applies both to prize and instance causes. Farther proof is admissible in the latter as well as the former. (The William Wells, 7 *Cranch.* 22. The Clarissa Claiborne, *Ib.* 107.) But it must not be understood that instance or revenue causes stand on the same footing with prize causes, in respect to the inadmissibility of farther proof, until they are heard on the original evidence. Farther proof may be exhibited in these cases, in the first instance, and if the court have doubts on the hearing, still farther proof may be ordered. ·