(PRACTICE.)

## The Experiment.

' Depositions, taken on farther proof, in one prize cause, cannot be in-
voked into another.

APPEAL from the Circuit Court of Massachusetts.
This was a question of collusive capture.

*Feb. 8th,*   The *Attorney General* moved to invoke into this
cause depositions taken, on farther proof, in the case
of the George, reported *ante, vol.* I. p. 408.

Mr. Chief Justice MARSHALL.   Original evidence
and depositions taken on the standing interrogatories,
may be invoked from one prize cause into another.
But depositions taken as farther proof in one cause,
cannot be used in another.

Motion refused.[a]

*a* But in other respects, cases of collusive and joint captures
form an exception to the general rules of evidence in prize
causes.   In cases of this nature, the usual simplicity of the
prize proceedings is departed from, because the standing inter-
rogatories are more peculiarly directed to the question of
prize or no prize, as between the captor and captured, and are
not adapted to the determination of questions of joint or collu-
sive capture.   It is, therefore, almost a matter of course to
permit the introduction of farther proof in these cases.   The
George, *ante,* vol. 1. p 408.   But this farther proof must be of
such a nature as is admissible by the general rules of prize

evidence. Under what circumstances these rules permit the
invocation of papers and depositions, may be seen, *ante*, vol. II.
*Appendix*, *note* I. p. 23.