BOWIE (MAGRUDER v.). See Case No. 8,964.

BOWIE (PATTERSON v.). See Case No. 10,825.

BOWIE (SWANN v.). See Case No. 13,672.

## Case No. 1,732.

### BOWIE v. TALBOT.

[1 Cranch, C. C. 247.] [1]

Circuit Court, District of Columbia. July Term, 1805.

DEPOSITION—NOTICE OF TAKING.

1. In taking the deposition of a seafaring man under the statute of Maryland (1721, c. 14, § 3) it is not necessary that notice should be given to the adverse party in person. One day's notice to the attorney-at-law is sufficient.

2. The deposition cannot be read at the trial, unless the court shall be satisfied that the witness has departed from the district.

At law. Case against a common carrier, for negligence in carrying tobacco from Bladensburg in a scow.

Mr. Caldwell, for the plaintiff [Washington Bowie], offered the deposition of William Barry, a seafaring man, taken under the act of assembly of Maryland, 1721, c. 14.

Mr. Key, for the defendant [Lewis Talbot], objected that the notice was only to himself, as attorney, on the day before the taking, which was not reasonable notice. Every departure from the general rules of evidence, must be taken strictly. The act requires notice to the adverse party. In the act of 1779, c. 8, the word "attorney" is inserted; so in the act of congress (1 Stat. 88; Judiciary Act 1789, § 30).

THE COURT overruled the objections, saying that it is not reasonable that the party should have all the benefits of being present in court, and not liable to its disadvantages. The benefit of the act might be entirely avoided by the party concealing himself, or the opposite party may not know his residence. But THE COURT, not being satisfied that the witness had departed and

was out of the District of Columbia at the time of the trial, rejected the deposition; upon which, a juror was withdrawn by consent, and the cause continued.

## Case No. 1,733.

### BOWIE et al. v. WHEELRIGHT.

[2 Cranch, C. C. 167.] [1]

Circuit Court, District of Columbia. April Term, 1819.

SHIPPING—CHARTER-PARTY—CONSTRUCTION—DEFINITION—"CHARTER AND TO FREIGHT LET."

In a charter-party, the words "charter and to freight let," do not imply a covenant, in law, that the vessel is or shall be seaworthy.

At law. Covenant, on a charter-party. Breach, that the vessel was not seaworthy. General demurrer and joinder. The charter-party, upon oyer, did not appear to contain any express covenant of seaworthiness.

Mr. Taylor, for the defendant, contended that the defendant could not be made liable, unless there was an express warranty, or fraud, or misrepresentation.

Mr. Swann, for the plaintiffs [Bowie and Kurtz], contended that a covenant is implied in the act of hiring the vessel.

THE COURT (THRUSTON, Circuit Judge, absent) decided that the charter-party, not containing an express averment that the vessel was seaworthy, could not support the averment of such a covenant in the declaration.