NICHOLLS (RINGGOLD v.). See Case No. 11,848.

NICHOLLS (UNITED STATES v.). See Case No. 15,875.

## Case No. 10,233.

### NICHOLLS v. WARFIELD.

[2 Cranch, C. C. 290.] [1]

Circuit Court, District of Columbia. April Term, 1822.

EVIDENCE—RECEIPT OF GOODS—NOTICE TO PRODUCE ACCOUNT.

It is not competent for the plaintiff to give evidence of the defendant's acknowledgment of the receipt of the goods mentioned in a certain account which had been delivered to the defendant, without having first given notice to the defendant to produce the account.

THE COURT (THRUSTON, Circuit Judge, absent) refused to permit the plaintiff to give evidence of the defendant's acknowledgment of the receipt of goods charged in an account which had been delivered by the witness to the defendant, without having first given the defendant notice to produce it, although the witness held in his hand a copy of that account.

[See Case No. 10,234.]

## Case No. 10,234.

### NICHOLLS et al. v. WARFIELD.

[2 Cranch. C. C. 429.] [1]

Circuit Court, District of Columbia. Oct. Term, 1823.

LIMITATIONS OF ACTIONS—CONDITIONAL PROMISE.

The defendant's expressing a willingness to pay a debt barred by the action of limitations, if a certain account should be allowed as a set-off, is not such an acknowledgment as will take the case out of the statute.

[See Ash v. Hayman, Case No. 572.]

Assumpsit [by W. S. Nicholls and J. S. Nicholls] for goods sold and delivered.

The defendant [P. Warfield] pleaded the act of limitations. The plaintiffs' witness testified, that he called on the defendant with the plaintiffs' account for payment. The defendant said he did not like to pay money when money was due to him, and that he had an account against J. S. Nicholls, and would settle in that way, or words to that effect. The witness did not recollect the exact words, but is positive that the defendant made no objection to the account and expressed a willingness to pay it, if his account against J. S. Nicholls was allowed.

THE COURT (nem. con.) decided, in con-formity with the case of Wetzel v. Bussard, 11 Wheat. [24 U. S.] 309, and Jenkins v. Boyle [Case No. 7,262], in this court, at June term, 1816, and Clementson v. Williams, 8 Cranch [12 U. S.] 72, that there was not evidence of such a promise as would take the case out of the statute of limitations.

[See Case No. 10,233.]

## Case No. 10,235.

### NICHOLLS v. WHITE.

[1 Cranch, C. C. 58.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

DEPOSITION — NOTICE — OBJECTIONS — SECONDARY EVIDENCE OF CONTENTS OF PAPERS— NECESSARY AFFIDAVIT.

1. One hour's notice of taking a deposition in Alexandria is sufficient.

2. It is not a good objection to a deposition taken by dedimus, that it is in the handwriting of the counsel of the opposite party.

[Cited in Jones v. Oregon Cent. Ry. Co., Case No. 7,486. Cited, but not followed, in United States v. Pings. 4 Fed. 716.]

[See Atkinson v. Glenn, Case No. 610.]

3. The affidavit of the party is sufficient to prove to the court the loss of papers, so as to admit secondary evidence of their contents.

Mr. Simms, for plaintiff, objected to the deposition of Thomas White, that the notice given of the time and place of caption was not reasonable. The notice was served between eleven and twelve o'clock a. m. to attend at Gadsby's tavern between twelve and one o'clock of the same day.

But THE COURT decided the notice to be reasonable.

Mr. Simms then objected, that the deposition was in the handwriting of the defendant's counsel, contrary to the act of congress (1 Stat. 89).

But the deposition being taken by dedimus from this court, and according to common usage, THE COURT unanimously decided that it might be read. The deposition was to prove the contents of certain papers which had been used at a former trial of the same cause.

Mr. Simms objected to the reading of the deposition, until the loss of the papers was proved.

THE COURT thought the loss was sufficiently proved by the affidavit of the defendant himself, which was made to procure the new trial.

NICHOLLS (WHITE v.). See Case No. 17,554.

[1] [Reported by Hon. William Cranch. Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]