Mr. Chief Justice Marshall
 

 delivered the. opinion of the Court.
 

 This is an ejectment, brought in the Circuit Court .for the district of Columbia, sitting in the county of Washington, for the recovery of several lots, lying in the county of Washington, of which James Spratt died seised. The lessors of the plaintiff are aliens, the legitimate brothers and sisters of the • said James; and,the defendant, who is also an alien, is his widow ; James died without issue.
 

 James Spratt came into America in the year 1812, and became a citizen on the 11th of October, in the year 1821. He purchased one of the lots before he became a Citizen, and the others afterwards. The title to the lots in controversy, depends on the construction of an Act of the state of Maryland,, passed the 15th of December 1791, entitled “ An Act concerning the
 
 *349
 
 territory of Columbia, and the city of Washington. ” The 6tb' section provides, “that any foreigner may, by deed or will, to be hereafter made, take and hold lands within that part of the said territory which lies within this state, in the same manner as if he was a citizen of this state; and .the same lands may be conveyed by him, and transmitted to,' and be inherited by liis heirs or relations, as if he and they were citizens of this state; Provided, that no foreigner shall, in virtue hereof, be entitled to any further, or other privilege of a citizen.” The facts were stated in a case agreed, which was substituted for' a special verdict. The Circuit Court gave judgment for the defendant, to which the plaintiff has sued out a writ of error.
 

 The plaintiff contends, that the word “ foreigner,” as used in the Act, designates a person born in a foreign country, and that such person does not cease to be a foreigner, by becoming a citizen of the United States. The words of the Act, therefore, apply to him, although he becomes a citizen, and enable him' to take and transmit lands to his alien heirs or relations.
 

 The Court is not of this opinion. The Act is an enabling Act, and applies ter those only who could net take, without it. It enables a
 
 foreigner
 
 to take “ in the same manner as if he was a citizen.” This language is entirely inapplicable to a
 
 eitizeru
 

 An Act to enable a citizen to take lands “as if he yere a citizen,” would be an absurdity too obvious to escape the notice of the legislature. We think, then, that a foreigner who becomes a citizen is no longer a foreigner within the view of the Act. His after purchased lands vest in him as a citizen, not by virtue of the Act of the legislature of Maryland.
 

 The lot which he purchased while an alien, stands on different principles- This lot was acquired by a foreigner, under the Act which-was passed for the purpose of enabling him to acquire it. He took and held it under the law, and could transmit it-as-prescribed by the law. The Act, after enabling him to take, adds, “ and the same lands may be conveyed by him, and transmitted to, and be inherited by, his heirs or relations, as if he and they wjsre citizens of this state. ” The capacity to trans-put given by the Act, extends, in terms, to all lands acquired under the Act.
 

 .The lands taken, “ may be conveyed by him,” that is, by the taker, “and transmitted to his heirs or relations.” This pow-ei- of transmission is not restricted to his character as a foreigner, but belongs, to him, as a person taking lands under the Act. The power of. transmitting is connected with the power of taking, 'and is co-extensive with it. This power is within the-words of the-law; and the words which confer it are not inoperative, since they give a capacity which citizenship does not give — -the. capacity of transmitting to relations, who are
 
 *350
 
 foreigners. This capacity is given, absolutely, by the Act; and. is not, we think, affected, by his becoming a citizen.
 

 The objection urged by the defendant to this construction, is, that it would perpetuate the title in aliens to the remotest times, beeause it attabhes the privilege to the land', and not to the person. ’
 

 We do not think the construction exposed to this objection.
 

 The land passes to the heirs or relations of the said James Spratt, precisely as it would have passed had he remained a foreigner. The capacity is not in the land, but in the person, in relation to that land. It was in him when the land was purchased, and did not pass oiit of him, under the words of the law, by his becoming a citizen.
 

 It is the opinion of a majority of the Court; that the Circuit Court erred, in' deciding that judgment ought to be rendered for the defendant. It ought to be reversed, and the.cause remanded to the Circuit Court, with directions to enter judgment for the plaintiff for the lot which was acquired by the said James Spratt, while an alien, saving the widow’s dower; and that bis declaration be dismissed as to the residue.
 

 This cause came on,. See., on consideration whereof, It is the opinion of .this Court, that the said Circuit Court erred, in deciding that judgment ought to be rendered for the defendant, and that the same ought to be reversed. Therefore,, it is ordered and adjudged by this Court, that the judgment of the said Circuit Court, in this cause, be, and the sanie is hereby reversed, and that the cause be remanded to the said Circuit Court, with directions to enter judgment for the plaintiff for lot No. which was ‘ acquired by the said James Spratt, while an alien, saving the widow’s dower; and that his decía, ration -be dismissed as to the residue.