## Case No. 9,284.

### MATTHEW v. RAE et al.

[3 Cranch, C. C. 699.] [1]

Circuit Court, District of Columbia. Dec. Term, 1829.

ALIENS — NATURALIZATION — ACT OF CONGRESS— STATE LAWS—RIGHT TO HOLD LAND.

1. An alien could not become a citizen of the United States, or of either of the states, in the year 1793, by taking the oaths, and otherwise complying with the requisitions of the naturalization laws of any one of the states.

2. An alien, as such, has a right, under the 6th section of the Maryland act of December 19, 1791, "concerning the territory of Columbia," &c. to purchase and hold lands in the county of Washington, D. C., and transmit the same to his alien heirs.

[This was an action by Matthew's lessee against Rae, Hayman and Lipsicum.]

Ejectment for lots in Georgetown, D. C. The plaintiff's lessors were aliens and claimed as heirs at law of James Redman, who was born in England, came to this country in 1793, and went through the forms of naturalization prescribed by the laws of Pennsylvania, passed in 1789, and by the

---

1 [Reported by Hon. William Cranch, Chief Judge.]

law of Maryland, passed in 1779. Congress had passed a general naturalization law in the year 1790 [1 Stat. 103].

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that Redman was not naturalized; the state naturalization laws being superseded, and annulled by the act of congress, whose jurisdiction upon that subject is, under the constitution of the United States, exclusive (Chirac v. Chirac, 2 Wheat. [15 U. S.] 261), and that, according to the case of Spratt v. Spratt, 1 Pet. [26 U. S.] 343, the plaintiffs, although aliens, were entitled to recover.