LEARY (CASEY v.). See Case No. 2,497.
LEARY (DODGE v.). See Case No. 3,952b.

## Case No. 8,163.

### LEATHERBERRY v. RADCLIFFE.

[5 Cranch, C. C. 550.] [1]

Circuit Court, District of Columbia. March Term, 1839.

PRACTICE AT LAW—WITHDRAWAL OF PAPER WITHOUT OBJECTION—DEPOSITION OF WITNESS ABOUT TO LEAVE DISTRICT.

1. By the leave of the court, if no objection be made by the opposite counsel. a party may. withdraw from the files of the court a deposition, in order to get the magistrate to amend his certificate according to the truth of the case; and such withdrawing and amending are not sufficient ground for rejecting the deposition.

[Cited in Borders v. Barber, 81 Mo. 642.]

2. If a deposition be taken de bene esse because the witness is about to go out of the district and to a greater distance than one hundred miles from the place of trial. and he goes accordingly, it is not necessary that a subpoena should have issued to the marshal of this district, in order to enable the party to use the deposition; it is sufficient for him to prove to the satisfaction of the court that the witness at the time of the trial is gone to a greater distance than one hundred miles from the place of trial, although the witness may have been within the district between the time of taking the deposition and the time of trial.

The plaintiff [Jessee Leatherberry] had taken a deposition under the act of congress, 1789, § 30 (1 Stat. 73), before the mayor of the city of Washington, to be used in this cause, and there being some informality in the certificate of the mayor, Mr. R. J. Brent, for the plaintiff, moved for leave to take the deposition from the files to get the certificate amended according to the truth of the case. The defendant's counsel did not object to the withdrawing of the deposition; which was done; and the certificate having been amended, the plaintiff's counsel offered to read it to the jury.

The defendant's counsel, Mr. Marbury and Mr. Bradley, objected, because the deposition, having been opened in the court, must be considered as published, and cannot be amended in any respect. They also objected that it was taken de bene esse, and no subpoena had been issued for the witness. The witness, in his deposition, had stated that he lived more than one hundred miles from the place of trial; that he was about to leave the District of Columbia, and not to return before the time of trial; and this was also certified by the mayor as the reason for taking the deposition. The plaintiff proved that the witness did leave the district immediately after the taking of the deposition, and was not then, at the time of trial, within the jurisdiction of this court.

The defendant [Joseph Radcliffe] then proved that the witness had returned to this district in the intermediate time, although not then in the district. The defendant's counsel contended that it was necessary for the plaintiff to have taken out a subpoena to the marshal of this district, to entitle him to read the deposition, and cited Penns v. Ingraham [Case No. 10,944], and Banert v. Day [Id. 836].

But THE COURT overruled the objections, and permitted the deposition to be read, being of opinion that it was sufficient for the plaintiff to show, at the time of trial, that the witness was "gone" "to a greater distance than one hundred miles from the place of trial;" and that the return of a subpoena, non est. is only one means of making that fact appear to the satisfaction of the court, but not the only means.

[1] [Reported by Hon. William Cranch, Chief Judge.]