WEED (DAVIS v.). See Case No. 3,658.

## Case No. 17,345.
### WEED v. KELLOGG et al.
[6 McLean, 44.][1]

Circuit Court, D. Michigan. June Term, 1853.

DEPOSITIONS — PRESENCE OF WITNESS — CONFESSIONS.

1. The deposition of a witness, who is at the place where the court is held, if objected to,

[1] [Reported by Hon. John McLean, Circuit Justice.]

cannot be read if the witness be able to attend the court.

[Cited in Whitford v. County of Clark, 119 U. S. 525, 7 Sup. Ct. 308.]

2. The confessions of a silent partner, not known in the proceedings, may be given in evidence.

At law.

Hunt & Newberry, for plaintiff.
Frazer, Davidson, Holbrook & Lathrop, for defendants.

McLEAN, Circuit Justice. This action was brought on a promissory note for $2092.01, payable at Oliver Lee's Bank, at Buffalo, three months after date. The defendants pleaded, 1. The general issue of non assumpsit. 2. That Smart was an accommodation indorser, at the request of Geisse & Kellogg, and signed the note which was paid 1 November, 1849. 3. That the note in the first and second counts of the amended declaration, was owned and in possession of Elias Weed & Co., which firm was composed of plaintiff and Elias Weed, of Buffalo in the state of New-York, and that heretofore, to wit, on the day and year last aforesaid at, &c. defendants delivered a large quantity of flour, to wit, one thousand barrels of great value, to wit, of the value of $3000, in full payment of said promise and assumptions in the first and second counts of the declaration, which flour was accepted to be applied as aforesaid. 4. That the note in the first and second counts of the amended declaration, heretofore, to wit, on the 26th day of Sep., 1849, was possessed by the firm of E. Weed & Co., (of which firm the plaintiff was the company,) and that whilst E. Weed & Co. so held and possessed said note, Asher L. Kellogg, one of the defendants, of the firm of James A. Armstrong & Co., shipped and consigned a large quantity of flour, to wit, one thousand barrels, of the value of $4000, with directions to apply and appropriate a sufficient amount of the avails to pay the note. In his replication plaintiff says, defendant did not pay the sums of money in the first and second counts, or any part thereof, as alleged. That the said Elias Weed & Co. did not receive or accept the said thousand barrels of flour to be applied in payment, &c. To the plea of Smart, he says, that no part of the sum claimed in flour as alleged, was received. The jury being sworn, a deposition of Mr. Sibly was then offered in evidence, which was objected to, as the witness was then in Detroit. The court held the deposition could not be read, if the witness were able to attend the trial. Mr. Sibly states that in the spring of 1849, he was clerk for defendants. He left their employment, and was afterwards agent for the plaintiff, who lived in Detroit. In 1848-9, a contract was made by defendants with plaintiff, for the delivery of 500 bbls. of flour, to be delivered at Buffalo to plaintiff, who was engaged in the forwarding business at that place. Near the close of the spring of 1849, a second contract was

made for another lot of 500 barrels of flour made at the Ceresco mills. This flour was not sent. The money was paid by Rockafellow or Weed as agent. This payment was made on the second contract, to be delivered on the opening of the navigation. Plaintiffs refused to take any flour except from a certain mill. A note was given to deliver the flour, or return the advance. After harvest in 1849, all the flour made by the Ceresco mills was sent to plaintiff to pay the notes due. Mr. Sanger, cashier of the Utica Bank, says, the note was received in bank and discounted, which had been given by Rockafellow. Mr. Reed's deposition states, he knows the note was paid by a check, but farther he knows nothing, except from the books of the bank. Mr. Weed was offered as a witness to prove the admissions of Elias Weed, which was objected to. The court observed, the pleas allege Elias Weed to be a partner in this note, with William Weed. His admissions, being a partner, though not named on the docket, are admissible to show the discharge of the said note, during the existence of the partnership. The witness stated that Elias Weed was a partner, having an equal interest in the note. In a conversation with him he admitted the note had been discharged, and should have been delivered up.

Nonsuit was suffered.