# Case No. 18,291.

## DIXON et al. v. WALKER.

### [2 Hayw. & H. 316.] [1]

Orphans' Court, District of Columbia. March, 1859.

#### ALIENS—DESCENT AND DISTRIBUTION.

1. Under the Maryland act of December, 1791 (section 6), no alien can take by descent the real estate of an alien or naturalized citizen, but they can take real estate by deed or will.

2. The personal property of an alien or naturalized citizen dying intestate will be distributed according to the law of the domicil of the deceased.

For the distribution of the estate of a naturalized citizen, who died intestate. Proceeding by James Dixon and others, heirs of James Dixon, deceased, against James Walker, administrator of the estate of James Dixon, deceased, to recover the estate of decedent.

J. M. Carlisle, for the heirs.

PURCELL, J. James Dixon, a native of Scotland, emigrated to the United States and located in Washington City about 30 years ago, and became a citizen by naturalization, after which he acquired property, both real and personal, in the District of Columbia. He has recently departed this life intestate, and the administration of his estate has been committed by this court to James Walker.

It appears, as stated by the administrator, that deceased left no issue, but as next of kin he left three sisters, viz. Jennette, Elizabeth and Margaret, and the children of a deceased brother William, all being aliens. The sister Margaret has two sons in this District who have been naturalized.

The question before this court is, who are the parties entitled to the estate in controversy? An act was passed by the legislature of Maryland, in December, 1891, which had reference to this District, and is now in force here, in section 6 of which it was provided: "That any foreigner may, by deed or will, to be hereafter made, take and hold lands within that part of said territory (of the District of Columbia) which lies within this state, in the same manner as if he was a citizen of this state; and the same lands may be conveyed by him and transmitted to and be inherited by his heirs or relatives as if he and they were citizens of this state." The above section enables a foreigner to take and hold lands in this District and to convey and transmit them to his foreign relatives, but it only extends to such lands as may be acquired before naturalization. As soon as the foreigner becomes a citizen of the United States by naturalization he relinquishes all allegiance to a foreign power, and landed property acquired in this District subsequent to such naturalization, cannot be transmitted to foreign heirs or relatives. See the opinion of Chief Justice Marshall in

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

Spratt v. Spratt, 1 Pet. [26 U. S.] 343. But can the two nephews of the deceased, who have been naturalized, inherit? They must claim through their mother, who is a foreigner, and it is well settled that at common law no person can claim lands by descent through an alien, since he has no inheritable blood. In the case of McCrery's Lessee v. Somerville, 9 Wheat. [22 U. S.] 350, Justice Story held that the statute of 11 & 12 Wm. III. c. 6,[1] which is in force in this District, removes the common-law disability of claiming title through an alien ancestor, but does not apply to a living alien ancestor; consequently the claim of the two naturalized sons of the sister of the deceased is invalid. The personal estate, however, over which this court has exclusive jurisdiction, rests upon different principles. This will be distributed according to the law of the last domicil of the deceased, that being in this case the District of Columbia.

The principles which govern the court will be found well established in the case of Ennis v. Smith, 14 How. [55 U. S.] 400. This estate will be decreed to the nearest of kin, no matter in what country they may reside. When the heirship in the case shall be legally established, the orphans' court will pronounce a decree of distribution of the said personal estate in accordance with the foregoing opinion.

---

[1] Whereas, &c., that all and every person or persons, being the king's natural-born subject or subjects, within any of the king's realms or dominions, shall and may hereafter lawfully inherit, and be inheritable, as heir or heirs, to any honours, manors, lands, tenements or hereditaments, and make their pedigrees and titles by descent from any of their ancestors, lineal or collateral, although the father and mother, or fathers or mothers, or other ancestor of such person or persons, by, from, through or under whom he, she or they shall or may make or derive their title or pedigree, were or was, or is or are, or shall be born out of the king's allegiance, and out of his majesty's realms or dominions, as freely, fully and effectually, to all intents and purposes, as if such father or mother, or fathers or mothers, or other ancestor or ancestors, by, from, through or under whom he, she or they shall or may make or derive their title or pedigree, had been naturalized or natural-born subject, or subjects, within the king's dominions; any law or custom to the contrary notwithstanding.