### WHITFORD *v.* CLARK COUNTY.

*(Circuit Court, E. D. Missouri. October 26, 1882.)*

**1. DEPOSITION—ADMISSION IN EVIDENCE—PRESENCE OF DEPONENT.**

A deposition duly taken in a civil action because the witness resides more than 100 miles distant from the place of trial, is admissible in evidence, subject to the right of the adverse party to place the deponent on the witness stand if present at the trial.

**2. COUNTY BONDS—DETACHED COUPONS—FRAUDULENT ISSUES.**

Where certain county bonds and a number of detached coupons were placed in the hands of an agent of the county to be issued by him conditionally, and the agent issued them fraudulently, and transferred the detached coupons to A., his brother-in-law, and where B., who, while said county was disputing the validity of said bonds and coupons, and negotiating for a compromise with the holders thereof, had, with a full knowledge of the facts, entered into a contract with said county to procure said bonds and coupons for surrender, purchased the coupons transferred to A., in the name of C., and C. brought suit thereon against the county, *held,* that C. was not a *bona fide* holder for value, and could not recover.

On Motion for New Trial.

*H. A. & A. C. Clover* and *Fisher & Rowell,* for plaintiff.

*Glover & Shepley,* for defendant.

TREAT, D. J. This case having been tried without the intervention of a jury, the facts were specially found. The plaintiff urges for error that the deposition of Cherry, residing more than 100 miles

*Reported by B. F. Rex, Esq., of the St. Louis bar.
Reversed. See 7 Sup. Ct. Rep. 306.

from the place of trial, and within the district, was permitted to be read against defendant's objection that he (the deponent) was present in court. The court holds the rule to be that when a deposition in a civil action has been duly taken, because the witness resides more than 100 miles distant, said deposition is admissible, subject, however, to the right of the adverse party to place him on the witness stand if present.

Such is understood to be the true rule, although decided cases are not fully in accord. It is further urged that the court erred in its special finding wherein it stated:

"The condition of said coupons, and the general facts and circumstances of the controversy between the bondholders and Clark county concerning the alleged fraudulent issue of the bonds and coupons, were known to the plaintiff when he bought the coupons in suit."

The ground of the alleged error is that there never was such a controversy concerning the bonds, etc. The terms on which the bonds were issued in payment of the subscription were fully shown, and are set out in the special finding.

Testimony was taken in this case to prove that the bonds and coupons were fraudulently delivered; that is, were delivered by the financial agent in disregard of the conditions agreed,—a fact known to the railroad company. There was a dispute as to the fraudulent issue of the bonds and coupons. But the more important inquiry was as to the coupons sued on. The testimony showed that they were detached coupons, never beyond the control of the county's agent; and that he, without authority, turned them over to his brother-in-law, under the circumstances detailed in the special finding. While the county was negotiating for a compromise of the outstanding bonds and coupons connected with the railroad subscription, Coquard entered into a contract with the county to procure 'for surrender said bonds and coupons. His attorneys ascertained that the brother-in-law of the county's agent had possession of these disputed coupons. They negotiated with him for the purchase thereof, and, acting for Coquard, concluded the purchase for the sum of $2,500, causing the name of Whitford to be used, at the consummation of the sale or transfer, instead of Coquard. It is obvious that the substitution of the name of Whitford instead of Coquard was to take the transaction apparently out of the contract of Coquard with the county, and thus to give to Whitford, as purchaser, a supposed right to recover of the county the face value of the coupons, with interest. The court could not shut its eyes to what was apparent from the

whole transaction, and enable such a recovery to be had in the face of Coquard's agreement with the county. This suit was not on that agreement, but by an alleged *bona fide* holder for value of negotiable coupons, who acquired the same long after they were due, and delivered by the financial agent to his brother-in-law, as stated. See *Koshkonong* v. *Burton*, 104 U. S. 668; *Stewart* v. *Lansing*, Id. 505.

The only difficulty in the mind of the court arose from the narrowness of the issues presented by the defendant; and hence its special finding was restricted thereto. If an issue had been tendered as to the relation of Whitford with Coquard, whereby whatever was done under the Coquard contract with the county Whitford should be held bound for, another inquiry would have been before the court. As the pleadings were framed, the question was whether plaintiff, under the facts and circumstances proved, could, as if a *bona fide* holder for value, recover on these coupons fraudulently issued by the financial agent of the county. The court held that he could not recover on them; and on review of the whole case finds no error in its finding or legal conclusions.

The motion for a new trial is overruled.

DEPOSITIONS—ADMISSION OF, IN EVIDENCE. A deposition taken *de bene esse* can only be read upon proof that the attendance of the witness himself upon the trial cannot be procured. *The Samuel*, 1 Wheat. 9; *Bowie* v. *Talbot*, 1 Cranch, C. C. 247; *Jones* v. *Greenolds*, Id. 339; *Weed* v. *Kellogg*, 6 McLean, 44. If the other party can prove that the witness is within reach of the process of the court, (*Ridgeway* v. *Ghequier*, 1 Cranch, C. C. 4;) except that where the witness lives at a greater distance than 100 miles from the place of trial, it is incumbent on the party by whom the deposition was taken to show that the disability to attend continues, (*Patapsco Ins. Co.* v. *Southgate*, 6 Pet. 604; *The Thomas and Henry*, 1 Brock. 367.) If the witness lives at a greater distance than 100 miles his deposition may be read, although he was at the place of trial during the sitting of the court, unless the fact was known to the party at whose instance the deposition was taken. *Pettibone* v. *Derringer*, 4 Wash. C. C. 215. If the witness lives within a hundred miles, the party offering the deposition in evidence must prove that he used due diligence to procure the attendance of the witness, (*Park* v. *Willis*, 1 Cranch, C. C. 357; *Penn* v. *Ingraham*, 2 Wash. C. C. 487; *Bannert* v. *Day*, 3 Id. 343; *Pettibone* v. *Derringer*, 4 Wash. C. C. 215; *Read* v. *Bertrand*, Id. 558;) or that he cannot attend personally, (*Park* v. *Willis*, 1 Cranch, C. C. 357; *Leatherberry* v. *Radcliffe*, 5 Cranch, C. C. 550; but see *Browne* v. *Galloway*, Pet. C. C. 201.) A deposition cannot be read in an action at law if the witness at the time of the trial is in the place where the court is held, and is able to attend. *Weed* v. *Kellogg*, 6 McLean, 44.—[ED.