STEGNER *et al. v.* BLAKE *et al.*

*(Circuit Court, D. Vermont.* August 6, 1888.)

1. PATENTS FOR INVENTIONS—PATENTABILITY—NOVELTY—BUNG FASTENERS AND COVERS.

Letters patent No. 215,178, granted May 6, 1879, to Steyner, for a device for protecting beer stamps and fastening bungs and covers by placing nails into the holes at the ends of the metallic sheet formerly used, and turning a strip of the middle of each end of such sheet over the heads of the nails, so as to keep them in place, and enable them all to be applied at once, instead of separately, as formerly, describe a patentable invention, and are not void for want of novelty.

2. SAME—INFRINGEMENT.

Making and selling cover fasteners, under letters patent No. 244,282, granted July 12, 1881, to Moore, like those made under patent No. 215,178 in all respects, except that the whole of each end of the metallic sheet, instead of the narrower central strip, is turned over the heads of the nails, is an infringement, though used only in fastening the covers of butter and sugar tubs, as the former patent covers every use to which the fastener can be put.

3. DEPOSITIONS—WAIVER OF OBJECTION.

An objection to a deposition that the certificate does not state the cause of the taking, is waived when not made before trial or final hearing, there being no suggestion that cause did not in fact exist.

4. SAME—DE BENE ESSE—EQUITY.

Rev. St. U. S. § 863, providing that "the testimony of any witness may be taken in any civil cause depending in a district or circuit court by deposition *de bene esse,*" applies to equity as well as common-law causes.

5. SAME—TAKING IN REBUTTAL.

Testimony which was regularly in order in rebuttal may be taken by deposition in that stage of the case.

6. EQUITY—EVIDENCE—OPINION—QUALIFICATION OF EXPERT.

In equity the fact that a witness testifying as an expert is not properly qualified goes to the weight, and not to the admissibility, of his testimony.

In Equity. Suit for infringement of patent.

*Geo. J. Murray* and *S. C. Shurtleff,* for orators.
*Kittredge Haskins,* for defendants.

WHEELER, J. This suit is brought upon letters patent No. 215,178, dated May 6, 1879, and granted to the orator Stegner, for an improvement in beer-stamp protector and bung retainer. The defenses are, want of patentability and novelty, and non-infringement.

Some of the orators' testimony is from witnesses residing out of the district, and more than 100 miles from the place of trial, and has been taken by deposition *de bene esse,* under the statutes. Objection was made at the time of the taking that it was being done "without authority of court," and "before an officer without authority under the equity rules or order of court." The objection was overruled, and the depositions were taken. The witnesses were cross-examined by counsel for defendants in the course of the taking. A motion to suppress the depositions for this cause, and because they have not been properly certified, was filed, and brought on at the hearing in chief. The statute provides that "the testimony of any witness may be taken in any civil cause depending in a district or circuit court by deposition *de bene esse.*" Rev. St. U. S. § 863. It is said in argument that this applies to common-law causes, and not to equity and admiralty causes, which are provided for by section 862. That section prescribes that the mode of proof in such causes shall be according to rules of the supreme court, except as therein specially provided. The provision for depositions *de bene esse* is special, and, as it applies to any civil cause, would extend to equity cases, which are essentially civil cases. They are taken in admiralty cases, which are coupled with equity cases in the statute. *The Samuel,* 1 Wheat. 9; *The Argo,* 2 Wheat. 287; *The Experiment,* 4 Wheat. 84; *Nelson* v. *Woodruff,* 1 Black, 156; *Rutherford* v. *Geddes,* 4 Wall. 220. The objection to the taking appears to have been properly overruled. *Bischoffscheim* v. *Baltzer,* 10 Fed. Rep. 1; *Arnold* v. *Chesebrough,* 35 Fed. Rep. 16. The defect in the certificate relied upon is the want of a statement of the cause of the taking. No suggestion is made that the cause did not, or does not, in fact exist. It might be obviated by a new certificate. Such an objection to a mere informality in a deposition ought to be taken and disposed of before trial or final hearing, or it should be considered as waived. *Doane* v. *Glenn,* 21 Wall. 33. This testimony was taken in rebuttal, and the point is made that it was not properly taken at that stage of the case. But it appears to meet the evidence in support of the defenses set up, and to have been regularly in order after that evidence was in. One witness testified as an expert, who is said not to be shown to be properly qualified. But that goes rather to the weight to be given to his testimony than to its admissibility, in equity cases, where all questions, as well of fact as of law, are for the court. The motion to suppress must, according to these views, be overruled. *Insurance Co.* v. *Smith,* 124 U. S. 405, 8 Sup. Ct. Rep. 534.

Beer-stamp protectors and bung retainers, and also cover fasteners, were made of plain strips of sheet-metal, with holes at each end, to nail

them through. Their use made the holding of them in place, and the placing and driving of the nails separately, necessary. Stegner put the nails into the holes and turned a strip of the middle of each end over the heads of the nails before using, to keep them in place until used. They could be made cheaply by machinery, and could be conveniently and rapidly applied. The patent covers this improvement. They immediately superseded the others in use. This improvement is said in argument to have been so obvious that any skilled workman in the trade could have accomplished it, and to fall short of anything patentable as an invention. Now it has been done, and the manner of doing it has been seen, it seems to be very easy and simple; but before it had been done it had to be thought out and contrived. That it became so useful is good evidence that it was wanted; and that the old kind was used so long, and by so many workmen, without seeing the advantages of this and adopting them, is strong evidence that something more than the skill of an ordinary workman was necessary to bring this out. *Smith* v. *Vulcanite Co.*, 93 U. S. 486; *Hoe* v. *Cottrell*, 17 Blatchf. 546, 1 Fed. Rep. 597. A consideration of all this tends to the conclusion that more than mechanical skill, amounting to an exercise of creative and inventive faculties, was involved, and that the defense of want of patentability is not sustained.

The defendants make and sell cover fasteners like these in all respects, except that the whole of each end is turned over the heads of the nails to keep them in place, instead of the narrower central strip. They operate under a patent to one Moore, assignor to one of them, No. 244,282, dated July 12, 1881, for a fastener with the nails through the ends turned under the body of the strip. If this difference between this fastener and Stegner's was patentable, clearly the difference between his and those preceding it was. When the whole end of the strip of metal is turned back over the body, the same part covers the heads of the nails and holds them in place that would if only a narrower central strip wide enough to cover them is turned over upon them. What is not necessary to cover them has no part in holding them in place, and there is no difference in the mechanical operation of the parts whether the remaining parts of the ends are turned over with the middle parts when they are turned over the heads of the nails, or are left to lie flat. The nails are held in place in each, ready for use, by substantially the same means, in substantially the same way. Therefore, if the device of the defendants preceded Stegner's invention, his patent was void for want of novelty. Stegner's invention appears to have been made in 1877. Moore testifies that he made such fasteners as those of the defendants, and furnished them to others to use, in 1862. In this he is corroborated to some extent by the testimony of one or two persons, to whom he says he furnished them, but none are produced, and they did not go into any general use. He did make and sell them in 1879, in the same vicinity, and they went immediately into extensive use. He applied for a patent for that fastener in that form March 24, 1881. On February 22d preceding he made an affidavit accompanying his petition, stating that the

same had not to his knowledge been in public use or on sale in the United States for more than two years prior to the application. His testimony is otherwise contradicted to some extent, and some of the witnesses appear to confound the old style of metal fasteners with these. What he did then at the utmost appears to have been but an abandoned experiment. Reasonable doubts arise, and the evidence falls far short of removing them, as is necessary under the law as established in order to defeat a patent. Sim. Pat. Law, 62, 63; *Bates* v. *Coe*, 98 U. S. 31. The defense of want of novelty therefore fails.

These patented articles are manufactures which are made, sold, and bought for use as such. The comparison already made of those made and sold by the defendants with those of the patent, shows that they are substantially alike. Stegner invented them for use to protect the stamps upon, and retain the bungs of, beer kegs. The defendants sell them for use in fastening the covers of butter and sugar tubs. The owners of the patent are not limited, however, to any particular use had in view when the invention was made, and the patent granted. The patent granted to them the right to the exclusive use of the patented invention without restriction. This covers every use to which it can be put. Sim. Pat. Law, 32. No patent could properly be granted for applying the invention to the new use. *Railroad Co.* v. *Engine Co.*, 110 U. S. 490, 4 Sup. Ct. Rep. 220. For the same reason the prior patent would cover that use. From these considerations the orators appear to be entitled to a decree.

Let a decree be entered that the motion to suppress the depositions be overruled; that the patent is valid; that the defendants infringe; and for an injunction and an account, with costs.