*Reported,* 29 Am. B. R. 8.

---

## PAUL MARTIN *v.* THE AMERICAN BARK FORT GEORGE.

### August 24, 1912.

1. *Depositions—Disinterestedness:* Section 863 Rev. Stat. requires a deposition *de bene esse* to be taken before one not interested in the case. The reason for disinterestedness in an examiner under the admiralty and equity rules of the Supreme Court is equally imperative.

2. *Same—Reasonable notice:* What is reasonable notice to the opposite party of the time of taking a deposition, when there is no statutory time, depends on the circumstances, the main things to be considered being distance, number of witnesses, facility of communication and proper representation.

3. *Same—Irregularity—Waiver:* The presence of counsel for the opposite party and his participation in the examination, is a waiver of any existing irregularity in the taking of a deposition.

4. *Same—Reference to take and report testimony:* Admiralty rule 44, providing for reference of "any matters arising in the progress of the suit to one or more commissioners, to be appointed by the court to hear the parties and make report therein," includes authority to appoint commissioners or examiners to take and report testimony.

5. *Same—Certain requirements—Admissibility—Waiver:* A deposition not reduced to writing under the direction of the examiner, and not read to the deponent or signed by him, is inadmissible as evidence unless such requirements are waived.

*In Admiralty:* Motion to strike a deposition from the record.

*G. A. Davis* for libelant.
*Holmes, Stanley & Olson* and *R. W. Breckons* for libellee.

DOLE, J. The libelant, claiming to be an American citizen, complains of injuries received on board of the libellee while at work with others of the crew, whereby he was unable to use his left hand thereafter and would be incapacitated for work for sixty days from the date of the libel, and whereby he had suffered great pain and was compelled to employ medical and surgical aid at a large expense, and to spend money and incur liability for his maintenance and other necessary expenses, and he prays for process of attachment against the libellee, which was issued, and for judgment for three hundred and forty-three dollars.

Upon the showing of libelant, he was permitted to proceed *in forma pauperis.*

Exceptions to the libel were filed by the master and overruled and he thereupon filed his answer denying the American citizenship of libelant and the alleged injury and the alleged consequences thereof, alleging that whatever disability he was laboring under in regard to his left hand was due wholly to a disease contracted by him prior to his engagement with the libellee.

On the return day, on motion of the proctor for libelant, the proctors for libellee being present and objecting, an order was made that the testimony of libelant be taken that day at two o'clock p. m. before U. S. Commissioner F. L. Hatch, to which order the proctors for libellee excepted. At the hearing before U. S. Commissioner Hatch, the libellee was represented by counsel, who, before the witness was sworn, questioned the commissioner as to any interest he might have in the case; he admitted that he had no way of getting his fees if the case should go against the libelant;

the proctors for the libellee thereupon objected to the swearing of the witness on the ground that the commissioner was not a disinterested person as required by law.

[1]    The law requires judges and jurors to be disinterested in relation to any case they may try; the same rule should apply to commissioners and examiners taking testimony, although the necessity for it may be less vital than in the case of judges and jurors, especially in the case of reference to examiners, who are required only to take and report testimony without findings, as is the case here. Section 863 Rev. Stat., providing for the taking of the testimony of witnesses in civil cases pending in district or circuit courts by deposition *de bene esse,* requires the deposition to be taken before a person not interested in the event of the cause. Mr. Hatch, U. S. commissioner for the district of Hawaii, who took the testimony, being interested in the outcome of the case, to the extent of his fees, would have been clearly disqualified from taking the deposition under provisions of the Revised Statutes referred to, and although the deposition in this case was not taken under the provisions of section 863 Rev. Stat. and following sections, but under the admiralty and equity rules of the Supreme Court, the reason for disinterestedness in the examiner is equally imperative.

"A commissioner to take testimony should be a person who has no bias or prejudice in reference to the litigants or the cause." *McLean v. Adams,* 45 Hun 189, 190; *Lloyd v. Rice,* 28 Texas 341, 343; *Tillinghast v. Walton,* 5 Ga. 335; *Whichner v. Whichner,* 11 N. H. 348.

[2]    Objection was also made at the same time to the taking of the testimony "on the ground that no notice such as is required by law" had been served on the proctors for the libellee. At the taking of the testimony, the libellee was represented by counsel who cross-examined the witness; no objection to the taking of the testimony of libelant is recorded on the ground of inconvenience.

One hour's notice was held to be sufficient in the District

of Columbia. *Nicholls v. White,* 18 Fed. Cas. 182, No. 10,-235; *Leiper v. Bickley,* 15 Fed. Cas. 265, No. 8,222; and one day's notice in the same place, in *Bowie v. Talbot,* 3 Fed. Cas. 1070, No. 1732. Reasonable notice where there is no statutory time, depends on the circumstances of the case. Under section 863, Rev. Stat., "the chief features to be considered in determining whether a certain notice is or is not reasonable are distance, number of witnesses and facility of communication and to obtain proper representation." *Am. Exch. National Bank v. First Nat. Bank,* 82 Fed. 961, 964.

[3] The court regards the notice of the taking of the deposition as sufficient, and, in any case, the presence of counsel for the libellee and their taking part in the examination, was a waiver of any existing irregularity. *Northern Pacific R. R. v. Urlin,* 158 U. S. 271, 273-274.

The case came up for hearing on the deposition May 9, 1912, when the reading thereof was "objected to for the reason that it was not taken in conformity with any statute or rule of court," and that it was not certified to by the examiner and there was no waiver of such certificate; that it does not appear to have been reduced to writing in the presence of the examiner and read to the witness and subscribed by him, and there was no waiver of any of such requirements. The case was continued for an opportunity to procure the certificate of the said F. L. Hatch, then living on the mainland and no longer connected with this court.

[4] At the next hearing, July 9th, a certificate by Mr. Hatch was attached to the deposition. The proctors for the libellee moved to strike the deposition from the record on the ground that it is not signed by the deponent, that there is no certificate by the examiner that it was reduced to writing in his presence, and that there is no authority in the United States for taking testimony in admiralty outside of court except by deposition. The motion to strike was denied but later the question was reopened and discussion allowed.

Admiralty rule 44 authorizes the courts when "expedient

or necessary for the purposes of justice," to refer any matter arising in the proceedings to commissioners appointed by the court to hear the parties and report. Such commissioners are given the powers possessed by masters in chancery in matters referred to them. The proctors for the libellee raise the question here whether rule 44, while providing for commissioners who may take testimony and make findings, provides also for commissioners to take and report testimony alone. I find that it does. It seems to be a clear instance where the greater includes the less; moreover, section 862 Rev. Stat. provides that proof in equity and admiralty "shall be according to rules now or hereafter prescribed by the Supreme Court, except as herein specially provided," which exception appears to refer to the several sections following section 862 in which provisions for taking "the testimony of any witness . . in any civil cause depending in a district or circuit court by deposition *de bene esse,*" are made. The words "civil cause" apply equally to admiralty cases as well as to those at common law. *The Samuel,* 14 U. S. 9; *The Argo,* 15 id. 286; *Stegner v. Blake,* 36 Fed. 183, 184. Although these statutory provisions for taking testimony outside the court do not apply to this case, the conditions for taking it, such as the case of a witness being bound on a voyage to sea, or about to go out of the United States, or out of the district in which the trial is pending, etc., not appearing in the record, yet as they provide for the taking of the testimony without findings, it may be presumed that Congress contemplated such taking also in conferring upon the Supreme Court the authority to prescribe rule on the subject.

[5] We have then to consider the objections that it does not appear that the deposition was reduced to writing or typewriting under the direction of the examiner or that it was read to the deponent or signed by him; and that there is no waiver of such requirements. All of these requirements are to be found in the 67th equity rule of the

Supreme Court.    Their omission is fatal to the deposition. *Cook v. Burney,* 78 U. S. 659, 668-669.    General federal authorities referring to the requirements of section 864 Rev. Stat. lay down the rule that they must be strictly followed to render the deposition admissible as evidence.    These authorities, by analogy, support an equally strict rule regarding the requirements prescribed by the rules of the Supreme Court.    The reason for the strict policy followed in regard to the requirements of the statute in the taking of these depositions is briefly stated in *Bell v. Morrison,* 26 U. S. 350, 356, as follows:

"We think, in a case of this nature, where evidence is sought to be admitted, contrary to the rules of the common law, something more than a mere presumption should exist, that it was rightly taken.    There ought to be direct proof, that the requisitions of the statute have been fully complied with."

Also, in *Shutte v. Thompson,* 82 U. S. 151, 161.

. With the deposition ruled out, there is nothing left to the case, the subsequent evidence being introduced solely in rebuttal of matters stated in the deposition.

The libel is dismissed, and, as the libelant was allowed to bring his suit *in forma pauperis,* there will be no order regarding costs.