BOLIN, Judge.
Defendant appeals from a judgment rendered in a quo warranto proceeding. We reverse for the reason that the Louisiana Long Arm Statute [La.R.S. 13:3201-07] cannot be used to obtain personal jurisdiction over a non-resident in a summary proceeding ordering defendant to show cause in less than ten days from the date of the order.
On July 31, 1978 plaintiffs filed a petition seeking a writ of quo warranto directing the defendant, and Ohio resident, to show by what authority he claimed certain corporate offices of Clay Oil & Gas Corporation, a Louisiana corporation. The writ was made returnable on August 9, 1978. The petition requested there be judgment prohibiting defendant from possessing all tangible effects, books and papers of the corporation and from usurping the powers and duties of the corporate offices, and that plaintiffs be recognized as the duly elected and qualified members of the board of directors and officers of the corporation.
A certified copy of the pleadings seeking the writ was sent by registered mail and received by defendant on August 3, 1978, at his residence in Ohio. On August 4, through Louisiana counsel, defendant filed exceptions objecting to the jurisdiction of the court. Defendant contended the long arm statute was not applicable in summary proceedings and that he received no citation as required by that statute.
The trial court overruled the exception to jurisdiction on August 9, and defendant filed a notice of intent to apply to this court for supervisory writs. A request for a stay of proceedings pending this court’s decision on the writ application was denied by the trial court. The quo warranto proceedings were heard on August 9th. On August 16 judgment was rendered in plaintiffs’ favor. On August 23 this court denied writs because applicant had an adequate remedy by appeal. By this appeal defendant questions the correctness of the ruling which overruled his exception to the jurisdiction and of the ruling on the merits.
Louisiana Code of Civil Procedure article 3901 provides:
Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers.
Summary proceedings may be used for the trial of quo warranto proceedings. La. C.Civ.P. art. 2592(6).
In order to determine if it is legally permissible to obtain jurisdiction under the long arm statute under this particular summary proceeding, it is helpful to examine the following Code of Civil Procedure articles:
Art. 2591.
Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings.
Art. 2593.
A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.
Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of on, the trial. An answer is not required, except as otherwise provided by law.
No responsive pleadings to an exception are permitted.
Art. 2594.
Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant.
*1201 Art. 2595.
Upon reasonable notice a summary proceeding may be tried in open court or in chambers, in term or in vacation; and shall be tried by preference over ordinary proceedings, and without a jury, except as otherwise provided by law.
The court shall render its decision as soon as practicable after the conclusion of the trial of a summary proceeding and, whenever practicable, without taking the matter under advisement.
A comparison of these provisions with the structure of the long arm statute leads to the conclusion that the latter was not designed for use in a summary proceeding where the non-resident is ordered to appear in less than ten days. The statute contemplates that the non-resident be given a sufficient length of time in which to appear. For example, R.S. 13:3205 provides for a minimum period of thirty days before a default judgment can be taken against the non-resident defendant:
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery.
The longer period allowed for answering is viewed as a protective device for the non-resident which lends strong support to the constitutionality of the long arm statute. See Comments of the Louisiana State Law Institute under La.R.S. 13:3205; cf. Comment, Jurisdiction and Venue, 22 Loy.L.Rev. 3, 29 (1976); Comment, Jurisdiction in Personam — The Due Process Framework and the Louisiana Experience, 26 La. L.Rev. 351, 371 (1966). To comport with due process a non-resident must be afforded a sufficient period of time in which to make an appearance. Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 4 L.Ed. 520 (1900).
The long arm statute, as presently written, was not intended to be used to assert jurisdiction over non-residents in summary proceedings where the defendant is ordered' to appear in less than ten days. Perhaps the use of the long arm statute in all summary proceedings is impermissible, but we only hold the statute may not be utilized to obtain jurisdiction over a non-resident in summary proceedings unless the non-resident is afforded the same delays he would be entitled to in ordinary proceedings.
Having so ruled, it is unnecessary to address the other issues raised by this appeal. The judgment overruling the exception to the jurisdiction is reversed; the exception is sustained and plaintiffs’ summary proceedings are dismissed at their cost.