## SAX & BROS. v. DAVIS.

1. **Agency:** EVIDENCE OF: DECLARATIONS OF AGENT. The fact of agency cannot be established by the declarations of the alleged agent, whether made to the person seeking to establish the agency, or to a third party; and where the question of agency is the point in issue, such declarations are inadmissible for any purpose, even when the trial is to the court, in an ordinary action.

2. **Deposition:** OF WITNESS IN COUNTY: ABILITY TO ATTEND COURT: SHOWING. Where the deposition of a witness for plaintiff, residing in the county, was taken only a short time before the term at which it was expected the case would be tried, on the ground that he would not be able to attend at that term on account of sickness, but defendant then objected to the taking of the deposition, and the case was not in fact tried till a year later, *held* that it was error to allow the deposition to be read at the trial, against defendant's objection, without a showing that the witness was then unable to be present in court. (*Nevan v. Roup*, 8 Iowa, 207, and *Cook v. Blair*, 50 Id., 128, distinguished.)

*Appeal from Van Buren District Court.*

TUESDAY, MARCH 15.

THIS is an action upon an account for goods and merchandise alleged to have been sold by the plaintiffs to the defendant. The defendant denied that the plaintiffs sold any goods to him, or on his credit. There was a trial by the circuit court without a jury, and a judgment was rendered for the plaintiffs. The defendant appeals.

*S. S. Caruthers*, for appellant.

*Sloan, Work & Brown*, for appellees.

ROTHROCK, J.—I. It appears from the evidence that the defendant is the owner of a large farm, situated partly in Van Buren county. He is a non-resident of the state, and seldom visits his farm, and it has been managed and conducted by others. The plaintiffs are merchants in business at the city of Ottumwa. They claim that one T. J. Davis was the agent of the defendant in the management of the farm, and that they

delivered the goods which make up their account to said agent, and that they are properly chargeable to the defendant. In order to sustain the action, it was necessary for the plaintiffs to prove that T. J. Davis was authorized by the defendant to purchase the goods on the defendant's credit. The books of the plaintiffs were introduced in evidence. It appeared therefrom that the items of the account were charged to T. J. Davis, and not to the defendant. So far, then, as appeared from the face of the account in the books, credit was not given to the defendant. But the plaintiffs sought to prove that the credit was actually given to the defendant, notwithstanding the manner in which the books were kept. It appears that one Isaac Nelson managed the farm for several years for the defendant. The defendant claimed that Nelson was manager at the time the account accrued. The plaintiffs contended that T. J. Davis was manager at that time.

The following is part of the testimony of one of the plaintiffs, and the rulings of the court thereon: "*Question 14.* You may state what was said to you about this time by Isaac Nelson as to what you should do in letting him [T. J. Davis] have such goods as he desired when he came to your store. [Objected to by defendant as incompetent, immaterial, and hearsay.] *Court.* The objections are overruled, and the testimony is received, not as showing liability on the part of defendant, but to show under what circumstances plaintiffs furnished T. J. Davis with goods. [The ruling of the court excepted to by defendant.] *Answer.* Mr. Nelson said that anything that T. J. Davis wanted would be all right; that he [Nelson] was getting too old; and that T. J. Davis' father was going to let T. J. Davis act as his agent on the farm. *Q.* 15. I will ask you what T. J. Davis said to you at any time about who he was getting the goods for, and who was to finally pay for them. [Defendant makes the same objections to this question as made to last preceding one. Same ruling thereon by the court as made on said objection, and defendant excepted to said ruling.] *A.* Why, he got some goods

for himself, and at different times he got goods for hands that he said were working on his father's place; and in regard to payments he told me several times that he had spent so much money on the place, and that he had incurred expenditure ordered by his father; and at other times he said he had money coming from his father, and he wanted to pay when he got the money from him."

We think this evidence should have been excluded. It is true, the cause was tried to the court without a jury, but the consideration by the court of incompetent evidence in determining the case is as objectionable as if submitted to a jury. The fact that the court received the evidence, not as showing liability on the part of the defendant, but to show under what circumstances the goods were furnished to T. J. Davis, does not, in our judgment, cure the error. The witness was not confined to the circumstances under which the goods were furnished, but he was permitted to state that which, if competent, proved, not only the agency of T. J. Davis, but his authority to purchase the goods on the credit of the defendant. It is scarcely necessary to say that the evidence as to the statements of Nelson is the merest hearsay, and it was not competent to prove the agency by the declarations of the alleged agent. It was, perhaps, competent for the witness to state that T. J. Davis was residing on the farm when the goods were furnished, and the capacity in which he appeared to be acting; but his statements, and the statements of Nelson showing his authority to purchase goods on the defendant's account, are more than the mere circumstances under which the goods were bought.

II. The cause was tried in the court below in the month of February, 1886. The deposition of Isaac Nelson was taken by the plaintiff in January, 1885. The

2. DEPOSITON: of witness in county: ability to attend court: showing.

witness is a resident of Van Buren county. He stated in his deposition that he was seventy-four years old, was diseased, and had fallen from a load of hay three weeks before that, and was so injured that

he was unable to leave his room until the day his deposition was taken, and that he did not expect to be able to attend the ne.. term of court as a witness. The cause was not tried at the next term, and the plaintiffs offered the deposition in evidence at the trial. The defendant objected to the reading of the deposition, on the ground that it was taken about a year before, and that the witness was a resident of Van Buren county. The objection was overruled, and the deposition read in evidence without any showing of the inability of the witness to attend the term of court at which the trial was had. It appears from the deposition that on the day it was taken the witness was able to leave his house, and travel three miles to a village to have his deposition taken, and to visit the store in the village, and return to his house the same day, and the defendant at the time objected to the taking of the deposition. We think the plaintiff should have been required to show some reason why the witness was not present at the trial. It is true that a deposition of a witness residing in the county may be taken when, from any cause, it is expected that he may be unable to attend at the time of the trial. Code, § 3721. In this case, however, it was expected that the trial would take place in February, 1885, a very short time after the deposition was taken; and it does not appear from the deposition, nor elsewhere in the record, that any one expected the witness would not be able to attend court in a year after that time.

The plaintiffs' counsel cite us to the cases of *Nevan v. Roup*, 8 Iowa, 207, and *Cook v. Blair*, 50 Id., 128, as sustaining the ruling of the court below in admitting the deposition to be read in evidence. In the former case the witness was a non-resident of the state. This authorized the deposition to be taken. The objection to the deposition was that the witness stated therein that he expected to be in attendance at the next term of the court; but he was not in attendance. In the last named case the deposition was admitted in evidence because no objection was made to the deposition

when it was taken.    It appears to us that neither of the cited cases sustain the ruling of the district court in permitting this deposition to be read in evidence.

For the errors above pointed out, the judgment will be

REVERSED.