THADDEUS W. BOISE, v. THE ATCHISON, TOPEKA & SANTA
FE RAILWAY COMPANY, J. W. REINHART, J. J. MCCOOK,
*and* JOS. C. WILSON, *Receivers of said company.*
(Filed September 3, 1897.)

1. DEPOSITIONS—*Cannot be Used, When.* Upon a statute which pro-
vides that the deposition of any witness may be used only in the
following cases, "First, when the witness does not reside in the
county where the action or proceeding is pending, and Second,
from age, infirmity or imprisonment, the witness is unable to
attend the court, or is dead," it is erroneous to admit the deposi-
tion of a wife who is in attendance upon her sick husband six
days before the trial, when it has not been shown that she was
absent from the county or that any infirmity existed in her other
than the fact that she was the wife of a witness who was un-
able, by reason of infirmity, to be present at the trial, and with
her husband at the time the deposition was taken.

2. SAME—*Aamission Reversible Error.* The testimony of a witness,
whose deposition was objected to on the grounds stated above,
was material and important as having a bearing upon the good
faith of the plaintiff and the truthfulness of his own testimony
which was important to his recovery, and may have had an
important effect upon the minds of the jury. The admission of
her testimony is therefore reversible error.
   (Syllabus by the Court.)

*Error from the District Court of Logan County; before
Frank Dale, District Judge.*

*Cotteral & Hornor,* for plaintiff in error.

*Asp, Shartel & Cottingham,* for defendants in error.

STATEMENT OF THE CASE.

This action was brought by the plaintiff in error, who
was also plaintiff below, to recover damages against the
defendant railway company, alleged by him to have been
sustained while driving across the track of the
company in Noble county.   The plaintiff alleged that he

was violently struck by the locomotive of the railway company on November 24, 1893, and sustained serious and permanent injuries which he charged to be due to the negligence of the defendant.

The defendants pleaded a general denial, and that if the accident occurred it was the result of the plaintiff's negligence.

Upon the trial of the cause a verdict was rendered for the defendants. Motion for a new trial was overruled, and judgment entered for the defendants.

Opinion of the court by

McATEE, J.: The testimony shows that one of the injuries complained of by the plaintiff, was a sore upon his ankle or the lower part of his leg, which was not healed at the time of the taking of the testimony.

The deposition of one Dr. Frame, a physician residing in Orlando, Logan county, was taken on the 28th day of April, 1895, in which it was shown that the witness was sick in bed and unable to attend court and that it was his belief that he would be unable to attend court for at least six weeks from that time. He testified that on the 28th day of April, 1895, the plaintiff came to him and asked him if he knew of anything that would irritate an old sore, to which the witness replied that he did not, and that the plaintiff then said that "some fellows down town said that iodine would be good," when the witness told him "that would do," and that the plaintiff said that his trial was coming on the next Monday morning.

The deposition of Minta Frame, the wife of the preceding witness, was also taken at the same time and place. She testified that she had the personal care of Dr. Frame in his present sickness and that she could not leave so

as to give her testimony in the case in court, and that she had been present during a part of the conversation referred to in the deposition of her husband, as having occurred between himself and the plaintiff on the last Sunday, and that she was sitting in a rocking chair during a part of the conversation when the plaintiff came in, and went around and sat down beside the bed of her husband "where the doctor told you, and I heard Mr. Boise say, that he had been up photographing the ground where he was hurt, he leaned over the bed and whispered something to doctor, I didn't hear. The doctor told him he would have to speak a little louder that he couldn't hear very good, then I heard Mr. Boise ask the doctor if he knowed of anything that was good to irritate an old sore. The doctor said he didn't. The plaintiff then said there was some fellows down town said that iodine would be good, when the doctor told him he guessed that would do. That is about all I heard." The plaintiff said that his leg had been paining him fearfully lately. The trial came on upon the fourth day of May, or six days after the conversation testified to.

The testimony of Minta Frame was objected to as incompetent, and objections overruled and exceptions saved by the plaintiff, when it was offered in evidence in court to the jury, and objected to, all exceptions were overruled, and the testimony went in. The testimony of these witnesses, so adduced by deposition, was contradicted by the plaintiff.

Its object manifestly was to show that the plaintiff was not acting in good faith, that he was trying to make his injuries appear worse than they really were immediately preceding the beginning of the trial, and to fals-

ify evidence, as well as to increase the appearance of injuries sustained. It is argued by the defendant in error, that the witness ought not to have been compelled to leave the bed side of her husband. And that the meaning of the statute does not confine the ground of infirmity to the infirmity of the witness alone whose deposition is to be taken, but that a deposition will also be admissible in case of existing infirmity to such an extent that the testimony of a wife who is waiting upon a sick husband may also be taken by deposition although she may be, at the time of the trial, within the county where the trial occurred.

The statute under which the deposition is taken and which is the sole ground of its admissibility provides, sec. 4326, Statutes of 1893, that:

"The deposition of any witness may be used only in the following cases: First, when the witness does not reside in the county where the action or proceeding is pending, or is sent for trial by change of venue, or is absent therefrom; second, when, from age, infirmity, or imprisonment, the witness is unable to attend court, or is dead." * *

No attempt is made to show any other ground for the admissibility of the testimony of Minta Frame other than that it ought to be admitted on the account of the infirmity of her husband, and that she was his nurse and caring for him. We cannot sustain the contention of the defendant in error. Such statutes are strictly construed. Proof must be produced of the inability of the witness to attend on account of the age of the witness, on account of the "infirmity" of the witness, or on account of the "imprisonment" of the witness, and not on account of the age, infirmity or imprisonment of somebody else,

however nearly connected that other person may be to the witness whose deposition is offered. The importance of the appearance of the witnesses in court, the weight of such personal appearance, and the advantage and right of cross-examination, cannot be taken away by an inference of the court that the "infirmity" of the statute may be deputed to and availed of so as to admit the testimony by deposition of one who, residing in the county, is not aged, infirm or imprisoned.' (*Jackson v. Rice*, 3 Wend. 180; *The Samuel*, 1 Wheat. 9; *Bowie v. Talbot*, 1 Cranch 247; *Jones v. Greenold*, 1 Cranch 339; *Weed v. Kellogg*, 6 McLean 44.)

It has been held that a deposition taken *de bene esse* will not be allowed to be read when the witness is in a condition to be sworn, and the cause on which the deposition was taken *de bene* no longer exists. (*Emlaw v. Emlaw*, 20 Mich. 11; *Gardner v. Bennett*, 38 N. Y. Sup. Ct. 197.)

And that the deposition of a witness who was sick and was not expected to be able to attend the next session of the court, was taken, but the case was not tried for a year afterward, when the deposition was admitted without showing that the witness could not at that time have been present in court. This was held to be error. (*Sacks v. Davis*, [Ia.] 32 N. W. Rep. 403.)

And it has been determined that where a deposition is made admissible by reason of permanent sickness or other permanent infirmity the judge must find and first satisfy himself of the deponent's inability to attend. (Thompson on Trials 1, sec. 325.)

It is contended by the defendant that the only legal effect of the evidence was to reduce damages, but we can

not agree to this view. The manifest effect of the evidence was to destroy the confidence of the jury in the sincerity of the plaintiff, and in his good faith and fair dealing with the court and with the jury.

The plaintiff himself was his own most important witness. He testified that in approaching the track where he was injured he repeatedly looked up and down the track every few moments for a train, and did not see it coming, and could not see it coming by reason of a heavy cut from which the train emerged a few moments before it struck him at the crossing. The truthfulness of his own testimony was of the last importance in the case, and while other testimony was introduced upon the trial to show that the witness did not testify truly, it would be impossible to determine what effect the testimony of Mrs. Frame, as read in the deposition, may have had upon the minds of the jury upon, in this case, the most important point of the sincerity, truthfulness and good faith of the plaintiff. It may have been of itself sufficient, and in corroboration of her husband's statement, of conclusive force and effect with the jury and may have been sufficient to destroy all confidence in the plaintiff and in the value of his testimony, and in order to say that it was not, we should be obliged to take the whole case and to assume the province of the jury in weighing all the evidence and determine from it, under the instructions given by the court, that the plaintiff had no case. We do not think that we are justified in doing this. We think the deposition contained testimony susceptible of being argued to the jury conclusively upon the point of good faith, and that it was material and important testimony, and if true, was not confined in its effect to the estimation of damages.

The judgment of the court below will be, on this ground, reversed, and the cause will be remanded for a new trial.

Dale, C. J., having presided in the court below, and Keaton, J., having been of counsel, not sitting; all the other Justices concurring.