No. 86-467

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

DAVID C. COTTRILL,

        Claimant and Appellant,

-vs-

COTTRILL SODDING SERVICE, Employer,

    and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

---

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jack M. Scanlon, Helena, Montana
        Donald A. Garrity argued, Helena, Montana

    For Respondent:

        Nancy Butler argued, Helena, Montana

---

Submitted: September 15, 1987

Decided: November 3, 1987

Filed: NOV 3 - 1987

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant, David Cottrill, appeals from an order of the Workers' Compensation Court denying his claim for wage benefits. The Workers' Compensation Court also denied appellant's petition for a rehearing because the constitutional issue raised for rehearing was at no time earlier raised.

We reverse and remand to the Workers' Compensation Court.

The issues raised on appeal are:

1. Can plaintiff raise the issue of constitutional equal protection violation at the appeal level?

2. Does § 39-71-401(2)(c), MCA, violate the equal protection clauses of the Montana and Federal Constitutions?

The uncontested facts are as follows: David Cottrill was injured on September 15, 1985, while working within the course and scope of his employment. He was at that time an employee of Cottrill Sodding Service, a business owned by his father. At the time of the hearing he was 22 years old, single and a fifth year student at the University of Montana. David was working for his father over the summer as he had for the past three summers. He intended to return to school in the fall. At the time immediately preceding and at the time of the accident, David was living in his parent's home, although he claimed that his "residence" was in Missoula. The sod business was insured under Plan III of the Workers' Compensation Act, but David's father/employer had not filed a special election of coverage for his son. Compensation for David's claim was denied by the Workers' Compensation Court under § 39-71-401(2) which provides that:

Unless the employer elects coverage for these employments under this chapter and an insurer allows such an election, the Workers' Compensation Act does not apply to any of the following employments:

. . .

(c) employment of members of an employer's family dwelling in the employer's household;

Issue 1. Can plaintiff raise the issue of constitutional equal protection violation at the appeal level?

Respondent is correct in that the general rule is that issues brought before this Court for the first time on appeal will not be considered. Akhtar v. Van de Wetering (1982), 197 Mont. 205, 209, 642 P.2d 149, 152. However, this Court "reserves to itself the power to examine constitutional issues that involve broad public concerns to avoid future litigation on a point of law." Even if an issue is raised for the first time on appeal this Court can hear the issue "if the alleged . . . error affects the substantial rights of a litigant." Matter of N.B. (Mont. 1980), 620 P.2d 1228, 1231, 37 St.Rep. 2031, 2033.

We hold that this appeal is properly before this Court and will be decided accordingly.

Issue 2. Is § 39-71-401(2)(c), MCA, unconstitutional?

Appellant, David Cottrill, argues that § 39-71-401(2)(c) violates both the Montana and Federal Constitutions. We agree.

Art. II, § 4 of the 1972 Montana Constitution states that

[t]he dignity of the human being is inviolable. No person shall be denied equal protection of the laws. Neither the State nor any person, firm, corporation, or institution shall discriminate against any person in the exercise of his civil or political rights on account of race, color, sex,

culture, social origin or condition, or political or religious ideas.

This provides for even more individual protection than the comparable Fourteenth Amendment, § 1 to the United States Constitution, which provides that: "No state shall make or enforce any laws which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

States do have the right to make reasonable classifications. Royster Guano Co. v. Virginia (1920), 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989, 990. However, "[t]he principal purpose of the Equal Protection Clause, Amend. XIV, U.S. Const., and Art. II, Sec. 4, 1972 Mont. Const., is to ensure that persons who are citizens of this country are not the subject of arbitrary and discriminate state action." Godfrey v. Mont. State Fish & Game Com'n (Mont. 1981), 631 P.2d 1265, 1267, 38 St.Rep. 661, 663.

Both parties agree that the right to receive Workers' Compensation benefits is not a fundamental right which would trigger a strict scrutiny analysis of equal protection. See Shapiro v. Thompson (1969), 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600. Nor does this statute infringe upon the rights of a suspect class. Examples of fundamental rights are the right of privacy, freedom of speech, freedom of religion, right to vote and the right to interstate travel. Examples of suspect classifications include wealth, race, nationality and alienage. Oberg v. City of Billings (Mont. 1983), 674 P.2d 494, 495, 40 St.Rep. 2034, 2036.

When a right determined to be less than fundamental is infringed upon by classification, the test applied by this

Court is the rational relationship test. That is, does a legitimate governmental objective bear some identifiable rational relationship to a discriminatory classification. Godfrey, 631 P.2d at 1267.

> A classification that is patently arbitrary and bears no rational relationship to a legitimate governmental interest offends equal protection of the laws. (Cites omitted.) As we have previously held, equal protection of the laws requires that all persons be treated alike under like circumstances.

Tipco Corp., Inc. v. City of Billings (1982), 197 Mont. 339, 346, 642 P.2d 1074, 1078.

In the present case there is nothing on the face of the statute to indicate what the state interest may be in excluding from Workers' Compensation coverage the employer's family member employees who reside in the employer's household unless specifically elected by the employer. Nor is there any legislative history from which to glean a possible governmental objective for this classification.

Although this Court could speculate as to why the legislature elected to treat these select individuals differently under the Workers' Compensation laws, no reasonable or readily identifiable state interest is forthcoming to our collective minds.

No employee whose employment falls under the Workers' Compensation Act can personally elect coverage. Section 39-71-410, MCA. Therefore, David Cottrill is dependent upon his father to make an election of coverage for him. With very few exceptions, no other employee must take that involuntary risk. Even uninsured employers are covered in the event of employee injury. Section 39-71-501, et seq.

The class of employees being considered for equal protection purposes under the Constitution are "members of an employer's family dwelling in the employer's household" §

39-71-401(2)(c), MCA, as compared to members of an employer's family who do not dwell in the employer's household. If this classification is applied, then an employer's son residing in his father's household is not covered by workers' compensation (absent an election by his father) whereas a son residing in his own dwelling next door to his father's household would be covered. As previously stated, no rational basis for such a distinction is contained in the statute nor has one been presented in argument to this Court. We conclude that the statutory classification violates the equal protection clause of the Montana Constitution. Because there has been a failure to demonstrate a rational basis for the infringement of such a constitutionally protected right, we hold that § 39-71-401(2)(c), MCA, is unconstitutional.

We reverse and remand to the Workers' Compensation Court for a determination of benefits due to David Cottrill.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 6 -