No. 02-460

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 359

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

GARY JAMES THAUT,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DC 98-369B,
The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        David F. Stufft, Attorney at Law, Kalispell, Montana

     For Respondent:

        Hon. Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

        Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  December 15, 2004

Decided:  December 20, 2004

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Gary James Thaut ("Thaut") appeals from a supplemental order entered May 3, 2001, in the District Court for the Eleventh Judicial District, Flathead County. Thaut was originally ordered to pay $440,107 in restitution. This amount was reduced to $69,457 by a supplemental order from which he appeals. We affirm.

¶2      We address the following issues raised by Thaut on appeal:

¶3      1. Are the restitution statutes, as amended by the 2003 Legislature, House Bill 220, unconstitutional?

¶4      2. Did the District Court err in fixing the amount of Thaut's restitution?

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶5      On September 20, 1998, Robert Meyers ("Meyers") was sitting in his car when Thaut walked up and fired a shotgun through the window, striking Meyers in the face. Although Meyers survived the blast, he suffered serious injury and his vehicle was damaged.

¶6      On December 17, 1998, the Flathead County Attorney filed an Information charging Thaut with attempted deliberate homicide. On April 10, 2000, the County Attorney filed a plea agreement in which Thaut agreed to plead guilty to reduced charges of felony aggravated assault and felony criminal mischief. On June 8, 2000, Thaut appeared before the District Court and entered guilty pleas to these two charges.

¶7      Thaut's probation officer prepared a presentence investigation and report ("PSI"). On August 3, 2000, the District Court conducted a sentencing hearing. During the hearing, Thaut pleaded with the court not to incarcerate him. Thaut argued that he had learned his lesson, and given the opportunity, he would return to society, work hard and be a productive

2

taxpayer. Thaut argued he had always been a hard worker, and that he had the ability to earn a decent income, to pay restitution and to give back to the community through volunteer work.

¶8 In spite of Thaut's pleas, the court sentenced him to 30 years at Montana State Prison and ordered he would not be eligible for parole for 10 years. The District Court's Order imposed 10 conditions upon Thaut in the event he should be released on parole, including a requirement that he pay the victim $440,107 in restitution, the amount previously awarded Meyers in a civil judgment against Thaut.

¶9 Thaut filed a notice of appeal on September 29, 2000. On November 1, 2000, he filed a consolidated motion for re-sentencing and motion for stay of appeal, requesting a redetermination of restitution under this Court's decision in *State v. Pritchett*, 2000 MT 261, 302 Mont. 1, 11 P.3d 539. On May 3, 2001, the District Court held a re-sentencing hearing. At the hearing, Thaut stated he could not pay restitution because he had no work skills, no assets, he was in debt to his mother for $50,000, and he had no prospect of earning or acquiring money in the future. Thaut also asserted he suffered from a mental illness which prevented him from earning more than minimum wage.

¶10 After the re-sentencing hearing, the District Court issued a supplemental order on September 12, 2001, reducing Thaut's restitution obligation to $69,457, plus $650 in extradition costs and $1000 in public defender fees. In the order, the District Court found Thaut had the ability to pay the ordered amount of restitution based on his previous testimony that he has always had the ability to work hard and earn a decent living. Further, in considering Thaut's ability to pay, the court discounted his claim that he was indebted to

3

his mother because Thaut failed to provide any proof of the $50,000 loan, and because he had not made any attempt to pay his mother back. The District Court reasoned when Thaut wanted to avoid incarceration he had grand employment opportunities; however, when he was attempting to avoid paying restitution, he had no ability to earn an income. The District Court further noted Thaut would have a period of 20 years to repay his victim after being paroled, resulting in a payment of less than $4,000 a year, which it found was a reasonable obligation to impose on him.

¶11 On April 22, 2003, this Court issued an order which granted counsel's motion to withdraw and concluded Thaut had a legitimate issue on appeal as to whether the District Court erred in determining his ability to pay restitution. This Court ordered new counsel be appointed to handle Thaut's appeal. In the mean time, House Bill 220 was enacted amending the restitution statutes. House Bill 220 retroactively applied to offenders who had an unpaid restitution obligation as of October 1, 2003, the effective date of the Act. This appeal ensued. Additional facts are included below as necessary.

## II. STANDARD OF REVIEW

¶12 Our review of questions of constitutional law is plenary. *State v. Kennedy*, 2004 MT 53, ¶ 13, 320 Mont. 161, ¶ 13, 85 P.3d 1279, ¶ 13. When reviewing questions pertaining to a criminal sentence for legality, this Court's review is confined to whether the sentence is within the parameters provided by the statute. *Pritchett*, ¶ 6. However, a district court's determination regarding a defendant's future ability to pay restitution is essentially a finding of fact that should be affirmed unless it is "clearly erroneous," with appropriate deference given to the court's views on the credibility of the witnesses and the weight of the evidence.

4

*See, e.g., Moore v. State*, 2002 MT 315, ¶ 13, 313 Mont. 126, ¶ 13, 61 P.3d 746, ¶ 13.

### III.  DISCUSSION

### ISSUE ONE

¶13    **Are the restitution statutes, as amended by the 2003 Legislature, House Bill 220, unconstitutional?**

¶14    Thaut raises numerous reasons why this Court should find HB 220 is unconstitutional. These include: HB 220 is unconstitutional because it eliminated the requirement of determining whether a person has the ability to pay restitution; HB 220 effectively created a debtors' prison by sentencing a person who cannot afford to pay restitution to a death sentence of parole and probation; HB 220 is a denial of due process because it requires offenders pay restitution based on the full replacement cost of property rather than fair market value; under the United States Supreme Court's holding in *Williams v. Illinois* (1970), 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, Montana is prohibited from enacting a law that requires a person to remain on probation or parole until they have completed restitution payments where the person does not have the ability to pay before their sentence ends; HB 220 is unconstitutional because it is an *ex post facto* law as it applies retroactively "to offenders who have an unpaid restitution obligation on [October 1, 2003];" and finally, HB 220 is fatally flawed because it lacks a severability clause.  Therefore, Thaut demands that HB 220 be nullified in its entirety.

¶15    We conclude Thaut lacks proper standing to raise these constitutional issues. Therefore, we decline to fully address the issue of whether the restitution statutes, as amended by the 2003 Legislature, are unconstitutional.

5

¶16 We have stated the following criteria must be satisfied to establish standing:

(1) The complaining party must clearly allege past, present or threatened injury to a property or civil right; and (2) the alleged injury must be distinguishable from the injury to the public generally, but the injury need not be exclusive to the complaining party.

As to the injury requirement, we have stated that a plaintiff is required to allege "a personal stake in the outcome of the controversy. . . ." "They must allege an injury personal to themselves as distinguished from one suffered by the community in general." The requirement that a plaintiff demonstrate an injury "is most easily satisfied if a plaintiff alleges either a direct economic injury or alleges that she is confronted with the prospect of criminal prosecution." [Citations omitted.]

*Helena Parents Com'n v. Lewis and Clark County Com'rs* (1996), 277 Mont. 367, 371, 922 P.2d 1140, 1142-43. This Court has further held the defendant must show a direct, personal injury resulting from application of the law in question in order to successfully challenge the constitutionality of a criminal statute. *State v. Krantz* (1990), 241 Mont. 501, 506, 788 P.2d 298, 301.

¶17 Thaut has not suffered any past, present or threatened injury to either his property interests or to his civil rights by the amended restitution statutes. Under the facts presented, any alleged injury is hypothetical or speculative. In fact, many of the constitutional violations Thaut alleges cannot directly affect him because restitution in his case was determined under the previous version of the statutes.

¶18 The record clearly indicates the District Court evaluated Thaut's ability to pay in establishing the amount of restitution under the statutes in effect at the time he was sentenced. Further, unlike in *State v. Farrell* (1984), 207 Mont. 483, 676 P.2d 168, and in *Pritchett*, the District Court did not establish the length of sentence based on the amount of

6

time required for Thaut to pay restitution. Rather, the District Court established the length of sentence based on the plea agreement, and then determined $69,457 was a reasonable amount for Thaut to pay given the length of time he would have to pay it.

¶19 Additionally, only $2000 of the total restitution amount was awarded for damages to Meyer's property. The balance was awarded to cover medical expenses and a grant from the Montana Board of Crime Control in favor of Meyers. Therefore, Thaut cannot seriously claim he is in danger of being injured by the requirement of the amended statutes that full replacement value be used in determining the amount of restitution for property damaged as a result of criminal conduct.

¶20 Thaut's argument that he will remain indefinitely on probation or parole due to his inability to pay restitution is speculative at best. The District Court determined, based on Thaut's representations and his past employment history, that he should be capable of paying the full amount prior to the end of his sentence without any undue hardship. Even if it turns out that such is not the case, the restitution statutes, as amended in 2003, allow the District Court the discretion to require Thaut to perform community service in lieu of paying restitution if it determines he is unable to pay. *See* § 46-18-241(3), MCA.

¶21 Relying on this Court's holding in *Gryzcan* ("the fear of prosecution is sufficient [to establish standing], unless there are circumstances that make such fears 'imaginary' or 'wholly speculative'"), the dissent opines at ¶ 44 Thaut has standing to challenge the restitution statutes as amended in 2003 because "there is nothing 'imaginary' or 'wholly speculative' about the effects of the amendments enacted by HB 220 on Thaut."

¶22 Assuming the District Court did not err in setting the amount of restitution, and Thaut

7

will continue to have the ability to make such payments, the only "effect" the amended statutes can have on Thaut is he will now be required to make such payments through the Department of Corrections, instead of through the Clerk of Court. The dissent is incorrect in its supposition "if [Thaut] fails to meet the restitution obligations of his revised sentence, any parole or probation which he is granted will likely be revoked." ¶ 44. Both the parole and probation revocation statutes still provide for consideration of an offender's ability to pay during any revocation proceeding. *See* § 46-23-1025(3), MCA; § 46-18-203(6), MCA. If at such time Thaut can demonstrate his "failure to pay restitution was not attributable to a failure on his part to make a good faith effort to obtain sufficient means to make the restitution payments," his violation may be excused by the court, and the petition to revoke must be dismissed. Section 46-18-203(6), MCA.

¶23 We conclude Thaut lacks proper standing to raise the stated constitutional issues on appeal because he has not shown a direct, personal injury resulting from application of the restitution statutes, nor has he shown a threat of such injury. As our determination that Thaut lacks standing is dispositive, we decline to address his constitutional challenges to the amended statutes.

## ISSUE TWO

¶24 **Did the District Court err in fixing the amount of Thaut's restitution?**

¶25 Thaut argues the District Court erred in determining his ability to pay restitution for two reasons: first, the District Court failed to meet the statutory requirements of § 46-18-242(1), MCA, in establishing the defendant's financial resources and future ability to pay; and second, the court violated his due process rights by sentencing him in a way that was

8

fundamentally unfair by failing to consider several factors in determining his ability to pay $69,457 in restitution.

¶26 Thaut says the factors that the District Court failed to consider are: Thaut is currently 52 years old and by the time he can be paroled in 2008, he would have a short amount of time to work in order to make his restitution payments; he will be unable to pay the restitution as he already has a $427,000 civil judgment against him in favor of Meyers; Thaut's most recent past employment consisted of minimum wage jobs; Thaut had no assets at the time of sentencing and has no ability to acquire assets in the future; finally, Thaut suffers from mental health issues resulting from a 1973 car accident in which he allegedly sustained a head injury.

¶27 The record establishes the District Court's decision was based upon substantial evidence Thaut would have the ability to pay some restitution from his prison earnings and more should he make parole. Thaut himself stated that he could pay, before he learned that he would have to spend some time in prison, and the District Court did not abuse its discretion in believing this version of his testimony.

¶28 We conclude the District Court adequately complied with all of the statutory requirements in determining the amount of restitution Thaut had the ability to pay. Under § 46-18-201(5), MCA (1997), sentencing courts were required to impose a sentence that included payment of full restitution whenever the court found the victim of the offense suffered a pecuniary loss. "However, this general mandate is subject to the detailed procedures and qualifications found in §§ 46-18-241 to 249, MCA. District courts are not authorized to impose a sentence of restitution until all these additional statutory requirements

9

are satisfied." *Pritchett*, ¶ 7.

¶29 The District Court relied upon the information in both the PSI and the Supplemental PSI, in addition to the testimony presented at both of the sentencing hearings, in determining the proper amount of restitution, and Thaut's ability to pay during his 30 year sentence. Section 46-18-242, MCA (1997), provided:

> (1) Whenever the court believes that a victim of the offense may have sustained a pecuniary loss as a result of the offense . . . the court shall order the probation officer . . . to include in the presentence investigation and report:
> > (a) documentation of the offender's financial resources and future ability to pay restitution; and
> > (b) documentation of the victim's pecuniary loss . . . .

Section 46-18-242(1)(a)-(b), MCA (1997).

¶30 In *Pritchett*, ¶ 5, this Court held the District Court had no authority to impose a sentence of restitution absent the documentation required under § 46-18-242(1), MCA. In *State v. Brown* (1994), 263 Mont. 223, 226, 867 P.2d 1100, 1100-01, *superseded on other grounds by* § 46-18-241, MCA, this Court held documentation of the defendant's financial resources was insufficient to support the court's restitution order where the PSI listed defendant's current assets, but failed to assign a monetary value to assets other than the defendant's retirement account, and the PSI provided no documentation regarding the defendant's future ability to pay restitution after his release from prison. However, in Thaut's case the PSI and Supplemental PSI provided adequate documentation both as to Thaut's assets and his ability to pay restitution in the future. The Supplemental PSI prepared of May 1, 2001, incorporated the extensive employment history contained in the original PSI dated August 1, 2000. The employment history contained Thaut's own

10

statements that he only had a high school education, but he was a "hard worker" and was "willing to do the tough jobs" to earn a living. Thaut recounted his past employment as an outside worker with Wal-Mart, his work as a lot attendant for a Bozeman car dealer, and his ability to earn extra money as a participant in medical research.

¶31 In addition to his employment information, the Supplemental PSI advised the District Court that while Thaut believed he was in poor health due to a head injury he allegedly received in a 1973 car accident, he had no "documented" physical limitations or disabilities, and he was currently unemployed only due to his incarceration. It also noted that he said he had no assets, and allegedly was $50,000 in debt.

¶32 The Supplemental PSI included a sentencing recommendation from the Probation Officer who prepared the report. Among other things, he recommended Thaut be required to pay restitution in the amount of $427,000 in accordance with the civil judgment ordered against him.

¶33 Also, at the time of making its determination, the District Court had at its disposal a copy of the Department of Health and Human Services psychiatric evaluation prepared at the request of Thaut's counsel, which refuted Thaut's claims that he suffered from a mental disease or defect, or that he suffered brain damage as a result of a 1973 car accident. The report concluded, Thaut is an "angry, manipulative man," who appeared to be "malingering symptoms of mental illness" to prove himself unfit to proceed with his legal defense in this case.

¶34 After considering the substantial information presented, the District Court concluded that Thaut was able to pay restitution based on his abilities, that he was not unable to hold

a job because of a mental disability, and that he did not have to pay his mother $50,000.

¶35    We conclude that the PSI and the Supplemental PSI contained sufficient information to satisfy the requirements of § 46-18-242, MCA (1997). We also conclude the District Court had sufficient information on which to base its ultimate conclusion Thaut was able to pay restitution.

¶36    We next turn to the question of whether the amount of restitution was appropriately determined by the District Court. Section 46-18-244(2), MCA (1997), provides:

> In determining the amount, method, and time of each payment, the court shall consider the financial resources and future ability of the offender to pay. The court shall provide for payment to a victim of the full amount of the pecuniary loss caused by the offense. The offender may assert any defense that the offender could raise in a civil action for the loss sought to be compensated by the restitution order.

¶37    It is clear from a review of the record the District Court had not only testimony but an abundance of documentation, not objected to by Thaut, from which it could determine the proper amount of restitution owed. In its Supplemental Order dated September 12, 2001, the District Court stated:

> In imposing this Order, the [c]ourt has accepted without objection that the victim has suffered special damages in the amount of $57,000.00; in the form of medical expenses, $55,000.00; in property damage of $2,000.00. In addition, the Montana Board of Crime Control has awarded a grant of $12,457.00 which is how the total of $69,457.00 was arrived at.

> The [c]ourt concludes that the Defendant would have the ability to pay this amount over the course of his sentence, and the [c]ourt specifically finds that the Defendant was not credible in his testimony regarding his inability to pay back the restitution.

The result of the District Court's order is that, after considering the information presented, it determined Thaut had the ability to pay restitution and he must pay only medical expenses,

12

the grant from the Board of Crime Control and property damage. This decision is amply supported by the record.

¶38 Should Thaut, without fault on his part, find he is unable to meet his obligation to pay both restitution and the civil judgment, he could petition the District Court for relief. If at such time the District Court determines he is indeed unable to pay, it may order him to perform community service for which he will receive a credit against restitution. Section 46-18-241(3), MCA. Thaut has not been treated unfairly.

¶39 Therefore, we hold the District Court did not err when it ordered Thaut to pay restitution in the amount of $69,457.

## IV. CONCLUSION

¶40 We affirm the order of the District Court requiring Thaut to pay restitution in the amount of $69,457.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ JIM REGNIER

13

Justice James C. Nelson dissents and concurs.

¶41 I concur with the Court's Opinion as to Issue 2. I dissent from our Opinion as to Issue 1.

¶42 I cannot agree that Thaut does not have standing to challenge the constitutionality of the amendments enacted by the Legislature under HB 220. The amendments referred to in our Opinion were specifically made retroactive by the Legislature "to offenders who have an unpaid restitution obligation on [the effective date of this act]"--the effective date being October 1, 2003. Accordingly, the effect of these amendments is not speculative as the Court opines. Rather, Thaut has and is suffering a present or threatened injury to both his property interests and to his civil rights. He is now and will be for years in the future burdened with a restitution obligation that may or may not be lawful, depending upon whether the amendments under HB 220 are constitutional.

¶43 I conclude that Thaut meets all of the tests articulated by the Court in ¶ 15, under *Helena Parents v. Lewis & Clark Cty* (1996), 277 Mont. 367, 371, 922 P.2d 1140, 1142-43. Moreover, in *Gryczan v. State* (1997), 283 Mont. 433, 442-46, 942 P.2d 112, 118-19, we applied the *Helena Parents* test. Importantly, we also held that a person need not suffer the actual consequences of the enforcement of a criminal statute--in *Gryczan*, arrest and prosecution--in order to challenge the statute's constitutionality. The fear of prosecution is sufficient, unless there are circumstances that make such fears "imaginary" or "wholly speculative." *Gryczan*, 283 Mont. at 444-45, 942 P.2d at 119 (citing, among other cases, *Babbitt v. United Farm Workers* (1979), 442 U.S. 289, 302, 99 S.Ct. 2301, 2310-11, 60 L.Ed.2d 895).

14

¶44    In the case at bar, there is nothing imaginary or wholly speculative about the effects of the amendments enacted by HB 220 on Thaut.  He is presently and will be for years burdened with a restitution obligation that may or may not be lawful depending on whether the HB 220 amendments are constitutional.  If he fails to meet the restitution obligations of his revised sentence, any parole or probation which he is granted will very likely be revoked.  This is not an imaginary or wholly speculative consequence; it is a reality.  And Thaut's concerns about the threat of that consequence entitle him to challenge the constitutionality of the statutes that may result in that action being taken.  Thaut's concerns are no more imaginary or wholly speculative than were the plaintiffs' fears of arrest and prosecution in *Gryczan*.

¶45    The Court tries to avoid the standing rules set out in *Gryczan* by claiming that Thaut can challenge his restitution obligations at some point in the future under §§ 46-23-1025(3), MCA, and 46-18-203(6), MCA.  While Thaut does have that right, his standing to also challenge the statutes now is not affected.  Indeed, we rejected the Court's position in *Gryczan* where we clearly adopted the rule that the individual has present standing to challenge a statute where the individual is within the class of persons whom the statute is designed to impact, *Lee v. State* (1981), 195 Mont. 1, 635 P.2d 1282, *cert. denied*, 456 U.S. 1006, 102 S.Ct. 2295, 73 L.Ed.2d 1300 (1982); where the individual is directly affected by the statute, *Epperson v. Arkansas* (1968), 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228; where the individual is one of the persons against whom the statute was enacted to operate, *Doe v. Bolton* (1973), 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201; and where the statute imposes criminal penalties, even if those had never been and might never be applied, *Babbitt*, 442

15

U.S. 289, 99 S.Ct. 2301. Moreover, the Court continues to ignore the fact that Thaut is *presently* charged with a restitution obligation that may or may not be constitutional.

¶46 Under the authorities cited by the Court and above, I conclude that Thaut has standing to raise the issue of the constitutionality of the HB 220 amendments and, accordingly, I would address that issue. I dissent from our failure to do so.

/S/ JAMES C. NELSON

Justice W. William Leaphart joins in the dissent and concurrence of Justice James C. Nelson.

/S/ W. WILLIAM LEAPHART