No. 05-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 251N

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

ROXANNA LEE SHEPARD,

       Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Twentieth Judicial District,
                    In and for the County of Sanders, Cause No. DC 2003-39
                    The Honorable Deborah Kim Christopher, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

              William F. Hooks, Attorney at Law, Helena, Montana
              Herman A. Watson, III, Attorney at Law, Bozeman, Montana

       For Respondent:

              Hon. Mike McGrath, Attorney General; John Paulson and John P. Connor,
              Jr., Assistant Attorneys General, Helena, Montana

              Robert Zimmerman, Sanders County Attorney, Thompson Falls, Montana

                               _____

                             Submitted on Briefs:  March 15, 2006

                                     Decided:  October 3, 2006

Filed:

            _____
                         Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Roxanna Lee Shepard (Shepard) appeals from the parole restriction included in the life sentence imposed by the District Court upon Shepard's entry of a plea of guilty to deliberate homicide and burglary. The District Court for the Twentieth Judicial District, Sanders County, imposed a life sentence upon Shepard and included a provision that Shepard would be ineligible for parole from the Montana State Prison. Shepard argues on appeal that the parole eligibility restriction represents an enhancement of Shepard's sentence that violates her federal and state constitutional and statutory rights to a jury trial and to proof beyond a reasonable doubt and, therefore, constitutes an illegal sentence.

¶3 The State charged Shepard on August 12, 2003, with deliberate homicide, aggravated kidnapping, two counts of felony burglary, attempted aggravated kidnapping, conspiracy to commit deliberate homicide, conspiracy to commit kidnapping, criminal possession with intent to distribute, and criminal production or manufacture of dangerous drugs. Shepard entered a plea of guilty to deliberate homicide and felony burglary pursuant to a plea agreement with the State. The State agreed in return not to seek the death penalty against Shepard. The court ordered a pre-sentence investigation report and

Shepard appeared with counsel for sentencing on September 21, 2004. The court imposed a life sentence at the Montana State Prison on the deliberate homicide count and imposed a further twenty years on the felony burglary count. The District Court directed that the sentences would run concurrently. The court further directed that Shepard would be ineligible for parole from the Montana State Prison. The District Court denied Shepard's motion to reconsider and vacate imposition of restriction on the parole eligibility in an order dated November 26, 2004.

¶4	We review a criminal sentence to determine whether it is legal. *State v. Webb*, 2005 MT 5, ¶ 8, 325 Mont. 317, ¶ 8, 106 P.3d 521, ¶ 8. Our review of questions of constitutional law is plenary and we review *de novo* the issue of whether the district court violated a defendant's constitutional rights at sentencing. *State v. Thaut*, 2004 MT 359, ¶ 12, 324 Mont. 460, ¶ 12, 103 P.3d 1012, ¶ 12; *State v. Redfern*, 2004 MT 277, ¶ 8, 323 Mont. 225, ¶ 8, 99 P.3d 223, ¶ 8.

¶5	The briefs and record presented indicate that settled Montana law controls the outcome and the District Court correctly applied this settled law. Shepard challenges the parole eligibility restriction based upon a line of decisions of the United States Supreme Court beginning with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), continuing with *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002), *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406 (2002), and culminating in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Shepard contends that these cases preclude the District Court from "enhancing" her sentence by restricting her parole eligibility.

3

¶6    We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provides for memorandum opinions. We recently resolved a nearly identical claim in *State v. Garrymore*, 2006 MT 245, ___ Mont. ___, ___ P.3d ___, in which the appellant argued that a similar parole eligibility restriction constituted an enhancement of the life sentence authorized by statute. We rejected the claim on the grounds that such a parole eligibility restriction did not exceed the statutory range of punishment for deliberate homicide as set forth in § 45-5-102, MCA. *Garrymore,* ¶¶ 34, 37. *Garrymore* controls our decision and we affirm the judgment of the District Court in this matter.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE