No. DA 06-0087

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 19N

_____

GARY THAUT,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Respondent.

_____


APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and for the County of Flathead, Cause No. DV-05-740(B),
                      The Honorable Katherine R. Curtis, Presiding Judge.


COUNSEL OF RECORD:

        For Appellant:

                Gary Thaut (pro se), Deer Lodge, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; John Paulson, Assistant Attorney
                General, Helena, Montana

                Ed Corrigan, Flathead County Attorney, Kalispell, Montana

_____

                Submitted on Briefs:  November 9, 2006

                        Decided:  January 30, 2007

Filed:

_____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gary Thaut (Thaut) appeals an Order from the Eleventh Judicial District Court, Flathead County, denying his petition for post-conviction relief. We affirm.

¶3 On September 20, 1998, Thaut shot and seriously injured Robert Meyers. Thaut was charged with attempted deliberate homicide. He pled guilty to reduced charges of criminal mischief and aggravated assault pursuant to a plea agreement. Consistent with the plea agreement, the State recommended a sentence of 30 years and requested that Thaut not be eligible for parole until he had served at least 10 years. The District Court accepted the State's recommendation. The District Court also ordered that Thaut pay restitution to his victim as a condition of any parole.

¶4 Thaut challenged his sentence on direct appeal. The judgment was affirmed. *State v. Thaut*, 2004 MT 359, 324 Mont. 460, 103 P.3d 1012.

¶5 In his petition for post-conviction relief, Thaut argues that his 10-year period of parole ineligibility is unsupported by law and must be eliminated. Thaut also argues that because he had had no previous criminal record, the District Court illegally ordered that his sentences run consecutively, rather than concurrently. He further claims that the District Court incorrectly imposed a longer sentence in order to increase the likelihood

2

that he would pay restitution.  Thaut goes on to claim that his counsel was ineffective, both in the District Court and in his previous appeal.  Finally, he claims that the District Court incorrectly found that his petition for post-conviction relief was time-barred.

¶6     The District Court correctly concluded that Thaut was required to bring his claim regarding the 10-year restriction on his parole eligibility in his direct appeal, and that he is now barred from bringing it in a petition for post-conviction relief.  *See Basto v. State*, 2004 MT 257, 323 Mont. 80, 97 P.3d 1113; § 46-21-105(2), MCA.  Also, the record shows that Thaut was fully informed by the plea agreement that his sentence could contain a restriction on parole eligibility.

¶7     The District Court found sufficient justification for imposing consecutive sentences, rather than concurrent sentences, considering *inter alia* the nature of the crime.  This determination is within the discretion of the district court.  Section 46-18-401(4), MCA.

¶8     In addressing Thaut's claim that a longer sentence was improperly imposed on him to insure that Thaut would pay restitution, the District Court correctly noted that Thaut's failure to bring this claim on direct appeal procedurally bars him from making the argument now.  Section 46-21-105(2), MCA.

¶9     The District Court also correctly concluded Thaut's counsel was not ineffective.  Thaut's appellate counsel effectively represented him when he raised the issue of Thaut's ability to pay restitution, which the record reveals was the only non-frivolous argument available to Thaut.

¶10    Finally, Thaut's claim that the District Court erred by holding his petition for post-conviction relief is time-barred is not supported by the record. The District Court correctly held that Thaut was procedurally barred from bringing the claims in his petition for post-conviction relief not because they were time-barred, but because such claims were required to be raised on direct appeal and they were not. Section 46-21-105(2), MCA.

¶11    This Court has reviewed the record in this case and the applicable law and we conclude that the District Court properly denied Thaut's petition for post-conviction relief.

¶12    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE

4