DA 06-0289

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 210

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

JAMES P. ELLIS,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-05-91
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Martin W. Judnich, Attorney at Law, Missoula, Montana

        For Respondent:

            The Honorable Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

            George Corn, Ravalli County Attorney; T. Geoff Mahar, Deputy
County Attorney, Hamilton, Montanan

Submitted on Briefs:  March 14, 2007

Decided:  August 28, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    James P. Ellis appeals from a portion of the judgment entered by the Twenty-First Judicial District Court, Ravalli County, on his guilty plea to a felony criminal offense. We affirm.

¶2    The sole issue on appeal is whether the District Court erred in ordering Ellis to repay the costs of his appointed counsel because § 46-8-113, MCA, (temporary to June 30, 2006) [hereinafter, § 46-8-113, MCA] violates the equal protection clauses of the United States and Montana Constitutions.

## BACKGROUND

¶3    After accepting a guilty plea from Ellis to the felony offense of accountability for fraudulently obtaining dangerous drugs and ordering a presentence investigation report, the District Court held a sentencing hearing in March and April of 2006. The State of Montana recommended deferring imposition of sentence for two years, subject to conditions. Ellis objected to a recommended condition that he be ordered to repay the cost of his appointed counsel, arguing that Montana's "recoupment statutes" violate his Fifth Amendment right to counsel.

¶4    The District Court deferred imposition of sentence for two years subject to conditions, one of which required Ellis to repay the costs of his appointed counsel, and entered judgment. Ellis appeals.

## DISCUSSION

¶5    **Did the District Court err in ordering Ellis to pay the costs of his appointed**

2

**counsel because § 46-8-113, MCA, violates the equal protection clauses of the United States and Montana Constitutions?**

¶6 We note that the State raises threshold issues. We address those matters briefly before turning to the issue Ellis presents.

¶7 The State initially argues we should not consider the issue raised by Ellis on appeal because it represents a change of legal theory. The State is correct that we generally do not consider new issues raised for the first time on appeal. *See e.g. State v. Buck*, 2006 MT 81, ¶ 109, 331 Mont. 517, ¶ 109, 134 P.3d 53, ¶ 109; *State v. Wetzel*, 2005 MT 154, ¶ 13, 327 Mont. 413, ¶ 13, 114 P.3d 269, ¶ 13. The State's argument, however, is totally without merit. The State is well aware that our jurisprudence has long permitted a defendant to challenge a sentence on the basis of illegality, even when no objection was made at the time of sentencing. *See e.g. State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979). Under this jurisprudential authority, we review sentences for alleged unconstitutionality even absent objection on constitutional grounds in the district court. *See State v. Garrymore*, 2006 MT 245, 334 Mont. 1, 145 P.3d 946. The premise that a "constitutional" challenge to a sentence is a challenge to the "legality" of the sentence requires no further discussion; moreover, in the present case, Ellis objected to his sentence on constitutional grounds at the sentencing hearing, albeit under a different constitutional theory. We reject the State's argument that we should not consider this issue.

¶8 The State also suggests, in one paragraph, that whether Ellis has established "standing to bring his equal protection challenge should be considered." It cites to *State*

*v. Webb*, 2005 MT 5, ¶ 28, 325 Mont. 317, ¶ 28, 106 P.3d 521, ¶ 28, and *State v. Thaut*, 2004 MT 359, ¶¶ 16-23, 324 Mont. 460, ¶¶ 16-23, 103 P.3d 1012, ¶¶ 16-23, for the usual standing requirement that a party must clearly allege past, present or threatened injury to property or to a civil right, and the alleged injury must be distinguishable from the injury to the public generally. The State says that, because Ellis has not been held in civil contempt, imprisoned or otherwise prosecuted for default in payment under authority of the recoupment statutes, he lacks standing to raise the constitutional issue on appeal.

¶9     Ellis points out that he has suffered (and he may still be suffering) economic harm as a result of being ordered to repay these costs. He asserts standing pursuant to *Thaut*, and we agree. Ellis has established present injury—the District Court's order to repay $2,398 in costs of counsel constitutes "direct economic injury." *See Thaut*, ¶ 16 (citation omitted). We conclude Ellis has standing to challenge imposition of the repayment condition as violative of equal protection principles.

¶10    We turn now to the issue presented by Ellis, namely, whether the District Court erred in ordering him to repay the costs of his appointed counsel because § 46-8-113, MCA, violates the equal protection clauses of the United States and Montana Constitutions. Our review of questions of constitutional law is plenary. *Thaut*, ¶ 12 (citation omitted). The equal protection clauses of both the United States and Montana Constitutions prohibit laws which impermissibly classify individuals and treat them differently on the basis of that classification. *State v. Davison*, 2003 MT 64, ¶ 10, 314 Mont. 427, ¶ 10, 67 P.3d 203, ¶ 10 (citation omitted).

¶11    In addressing an equal protection challenge, we first identify the classes involved

4

and determine whether they are similarly situated. *Farrier v. Teacher's Retirement Bd.*, 2005 MT 229, ¶ 15, 328 Mont. 375, ¶ 15, 120 P.3d 390, ¶ 15 (citation omitted). If so, we determine the appropriate level of scrutiny to apply: strict scrutiny for laws affecting fundamental rights, intermediate scrutiny for laws conferred by the Montana Constitution but not found in the Declaration of Rights, or rational basis if neither strict scrutiny nor intermediate scrutiny applies. *Farrier*, ¶ 16; *Davison*, ¶¶ 10-11.

¶12    Section 46-8-113, MCA, provides:

> **Payment for court-appointed counsel by defendant**. (1) The court may require a convicted defendant to pay the costs of court-appointed counsel as a part of or a condition under the sentence imposed as provided in Title 46.
>
> (2) Costs must be limited to reasonable compensation and costs incurred by the court-appointed counsel in the criminal proceeding.
>
> (3) The court may not sentence a defendant to pay the costs of court-appointed counsel unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take into account the financial resources of the defendant and the nature of the burden that payment of costs will impose.
>
> (4) A defendant who has been sentenced to pay costs may at any time petition the court that sentenced the defendant for remission of the payment of costs or of any unpaid portion of the costs. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may remit all or part of the amount due in costs or modify the method of payment.

Section 46-8-115, MCA, provides that default in payment of costs ordered under § 46-8-113, MCA, may be treated as contempt of court. However, a sentencing court must give the defendant an opportunity to show the default was not attributable to an intentional refusal to obey the court order or to make a good faith effort to make the payment before the court may impose imprisonment for the contempt. Imprisonment cannot exceed one day for each $25 owed, with a 30-day maximum for a misdemeanor offense and a one-

5

year maximum in any other case. *See* § 46-8-115(3), MCA.

¶13 On appeal, Ellis contends the above-referenced recoupment statutes violate his right to equal protection because they strip indigent defendants of protections against imprisonment for debt which are afforded to similarly-situated nonindigent criminal defendants and civil judgment debtors. In arguing that the recoupment statutes violate principles of equal protection as between him and a civil judgment debtor, Ellis relies on *James v. Strange*, 407 U.S. 128, 92 S. Ct. 2027 (1972).

¶14 In *James*, the United States Supreme Court ruled that a Kansas recoupment statute violated the Equal Protection Clause of the United States Constitution. The Kansas statute provided that indigent defendants automatically were liable to repay costs of their appointed counsel and that sums unpaid for 60 days "shall become a judgment in the same manner and to the same extent as any other judgment under the code of civil procedure." The remedy provided under the Kansas statute for failure to repay the cost of appointed counsel did not, however, grant the defendant exemptions from execution available to civil judgment debtors. *James*, 407 U.S. at 129, 135, 92 S. Ct. at 2029, 2031-32. The Supreme Court held that the Kansas statute relating to indigent defendants "embodies elements of punitiveness and discrimination which violate the rights of citizens to equal treatment under the law." *James*, 407 U.S. at 142, 92 S. Ct. at 2035.

¶15 We observe that the Supreme Court noted in *James*, 407 U.S. at 133, 92 S. Ct. at 2030, that state recoupment laws differ significantly. As a result, it declined to make any broad pronouncement on the general validity of such recoupment laws.

¶16 Two years later, the Supreme Court upheld Oregon's recoupment statute in *Fuller*

6

*v. Oregon*, 417 U.S. 40, 94 S. Ct. 2116 (1974). The Court held that the Oregon statute, which retained all exemptions afforded to civil judgment debtors and provided the defendant the opportunity to show that recovery of legal defense costs would impose hardship, did not violate the Equal Protection Clause of the United States Constitution. *Fuller*, 417 U.S. at 49, 94 S. Ct. at 2123. Inasmuch as the statute applied to indigent defendants but not to defendants who retained counsel, the Supreme Court reasoned that only the indigent had been provided counsel by the state in the first place. It stated, "[u]nder Oregon's recoupment statute revocation of probation is not a collection device used by the State to enforce debts to it, but is a sanction imposed for 'an intentional refusal to obey the order of the court.'" *Fuller*, 417 U.S. at 48, 94 S. Ct. at 2122. The Court also stated the applicability of the Oregon statute to persons convicted—and not to those not convicted—was rational and reflected "no more than an effort to achieve elemental fairness." *Fuller*, 417 U.S. at 50, 94 S. Ct. at 2123.

¶17 Under the Montana recoupment statutes, like the Oregon statute in *Fuller* and unlike the Kansas statute in *James*, a court may not sentence a defendant to pay the costs of court-appointed counsel unless the court determines the defendant is or will be able to pay them. *See* § 46-8-113(3), MCA. Nor do the Montana statutes provide that counsel costs shall become a judgment in the same manner as other civil judgments, as did the Kansas statute. Moreover, a Montana defendant sentenced to pay these costs may at any time petition the court for remission of the payment of costs on grounds that it will impose manifest hardship on the defendant or defendant's immediate family. Section 46-8-113(4), MCA. We previously have observed that Montana's recoupment statutes are

7

similar to the Oregon statute recognized by the Supreme Court as permissible under constitutional equal protection principles. *See State v. Farrell*, 207 Mont. 483, 491-92, 676 P.2d 168, 173 (1984). We conclude Ellis has not established that § 46-8-113, MCA, violates his right to equal protection under the United States Constitution.

¶18 We now consider Ellis's claims under the Montana Constitution. Ellis correctly points out that—pursuant to *Farrier,* ¶ 14, *citing Cottrill v. Cottrill Sodding Service*, 229 Mont. 40, 42, 744 P.2d 895, 897 (1987)—Article II, Section 4 of the Montana Constitution provides more individual protection than does the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

¶19 Our determination in *Cottrill* that the equal protection clause of Montana's Constitution provides more protection than the federal clause was based on the language of the two clauses. *See Cottrill*, 229 Mont. at 42, 744 P.2d at 897. The federal Equal Protection Clause, contained in the Fourteenth Amendment to the United States Constitution, provides, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Montana's equal protection clause provides:

> The dignity of the human being is inviolable. No person shall be denied equal protection of the laws. Neither the state nor any person, firm, corporation, or institution shall discriminate against any person in the exercise of his civil or political rights on account of race, color, sex, culture, social origin or condition, or political or religious ideas.

Mont. Const. art. II, § 4.

8

¶20    As stated above, a party claiming violation of the right to equal protection must first demonstrate that the law at issue discriminates by impermissibly classifying individuals and treating them differently based on that classification.  Once the classification has been identified and it has been established that members of the different classes are similarly situated, we determine the appropriate level of scrutiny to apply. *Davison*, ¶ 10.

¶21    We recently rejected an equal protection claim on grounds the claimant did not identify similarly-situated classes which were treated differently.  In *Davison*, the defendant claimed that his right to equal protection had been violated because the statutory penalty for operation of an unlawful clandestine drug laboratory—the offense of which he had been convicted—was greater than the statutory penalty for manufacture of dangerous drugs.  He contended that, because the two statutes proscribed the same general conduct, they amounted to a classification of offenders and subjected them to unequal treatment.  Pointing out that the operation of an unlawful clandestine laboratory and the manufacture of dangerous drugs are distinct and separate offenses and concern different conduct, we disagreed with Davison's underlying premise and determined he had not identified a classification warranting equal protection analysis under any of the three recognized levels of scrutiny.  *Davison*, ¶¶ 13-14.  We ultimately concluded Davison had not established that individuals convicted under the two statutes were similarly situated. *Davison*, ¶ 17.

¶22    Contrary to Ellis's claim, individuals ordered to pay recoupment costs as a condition of a felony criminal sentence are not similarly situated to civil judgment

9

debtors. The process of adjudicating a civil judgment generally does not include determinations that the judgment debtor has committed a criminal offense against the State and its people, that the public purse has been expended to defend the judgment debtor or that the judgment debtor has the ability to pay the debt. We agree with and adopt the Supreme Court's related determination that revocation of probation for failure to pay is "not a collection device used by the State to enforce debts to it but is a sanction imposed for 'an intentional refusal to obey the order of the court.'" *Fuller*, 417 U.S. at 48, 94 S. Ct. at 2122. Consequently, we conclude Ellis has not established that § 46-8-113, MCA, results in different treatment of similarly-situated individuals. Therefore, we further conclude he has not established that § 46-8-113, MCA, creates an impermissible classification of two similarly-situated groups.

¶23 Ellis points out that he could be imprisoned for failing to pay the ordered costs of provided counsel, unlike a defendant who failed to pay retained counsel or any other civil debtor, who cannot be imprisoned for failure to pay a debt except under very limited circumstances. In this regard, he relies on Article II, Section 27 of the Montana Constitution, which generally prohibits imprisonment for debt, and § 27-16-102, MCA, which sets forth the limited circumstances in which a defendant in a civil action may be arrested. He asserts that, had this issue been raised in *Fuller*, the Court "would have no doubt found the Oregon recoupment statute unconstitutional." While neither Ellis nor this Court can speculate with certainty what the Supreme Court might do, both the record before us and *Fuller* suggest otherwise.

¶24 We hold Ellis has failed to establish that § 46-8-113, MCA, violated his rights

10

under either the United States or the Montana Constitution.  We affirm the judgment of the District Court.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART