FILED

November 18 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0172

DA 13-0172

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 301N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

JOEL M. WHITE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Rosebud, Cause No. DC-1992-33
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jeffry M. Foster, Derek J. Oestreicher, Davis, Hatley, Haffeman & Tighe, P.C., Great Falls, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant Attorney General, Helena, Montana

            C. Kristine White, Rosebud County Attorney, Forsyth, Montana

Submitted on Briefs:  September 10, 2014
Decided:  November 18, 2014

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This appeal stems from the 1994 criminal charges against Joel M. White, also known as Joel M. Seminole (White) in Cause No. 92-33. White, an enrolled member of the Northern Cheyenne Tribe, pled guilty to felony assault, felony criminal mischief, and disorderly conduct, a misdemeanor. The District Court of the Sixteenth Judicial District, Rosebud County, sentenced White to 10 days in jail for the disorderly conduct charge (served in its entirety), and 10 years suspended for each of the felony charges. As a condition of his suspended sentences, White negotiated for and later agreed to pay $480.49 restitution to Rosebud County for damage he caused to a Rosebud County law enforcement vehicle and $1,472.77 as reimbursement to Rosebud County for the cost of his court-appointed attorney. The State agreed to dismiss two additional felony charges and not seek a persistent felony designation. According to the order of sentence, each obligation was to be paid within 5 years.

¶3 White's sentences were revoked in 2000, 2002, 2003, and 2006. In its 2002 and 2003 orders revoking the suspended sentence, the District Court recognized White's failure to make any payments while on probation and reimposed the financial obligations set forth in the 1994 sentencing order. In the 2003 order, the District Court observed that White had yet

2

to pay any amount toward his restitution and reimbursement obligations despite having employment while on probation.

¶4 After discharging in June 2005, White stabbed and killed his brother-in-law. On November 22, 2006, the District Court again revoked his suspended sentence after White was convicted of deliberate homicide.[1] White remains incarcerated.

¶5 On June 15, 2009, White filed a pro se motion contending that the Montana Department of Corrections (DOC) was required to collect White's restitution and reimbursement obligation within the 5 year period as specified in the 1994 sentencing order, arguing that the time for collection had expired. The District Court denied White's motion.

¶6 On August 28, 2009, White filed for writ of mandamus requesting intervention in the District Court's denial of White's June 15, 2009 motion. This Court denied White's writ and petition for rehearing on October 6, 2009, and November 17, 2009, respectively.

¶7 In January 2010, White filed a second post-conviction relief motion challenging the DOC's authority to garnish funds he receives from a tribal trust. The District Court denied White's motion finding that White's right to post-conviction relief had expired. On appeal, this Court affirmed the District Court's decision in an unpublished opinion on October 26, 2010.

---

[1] This Court denied White's 2006 revocation appeal on the basis of an issue not relevant here. *State v. White*, DA 07-0055, 2007 MT 319N.

¶8    In May 2012, White filed a pro se motion for remission of restitution. After considering the written and oral arguments of the parties,[2] the District Court denied White's motion stating that White failed to demonstrate a justifiable reason to either adjust or waive his restitution and reimbursement obligation. White appeals.

¶9    After receiving White's initial pro se appellant's brief and the State's response, this Court appointed pro bono counsel to represent White and ordered supplemental briefing.

¶10    White argues that his sentence is illegal and thus reviewable by a court under the exception identified in *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979). Specifically, White argues that in its November 2006 revocation, the District Court failed to consider White's ability to pay. White asserts that had it re-examined this consideration, the court would have learned of White's source of income, which included the tribal allotment payments. As a consequence, White contends, the District Court's sentence permits the DOC to wrongfully garnish White's tribal allotment payments distributed to his inmate prison account, which, in turn, violates the "bad men" provision of the Treaty with the Northern Cheyenne and Northern Arapaho, dated May 10, 1868, 15 Stat. 655 (1868 Treaty).

¶11    The State argues, however, that White waived his right to challenge the District Court's sentence because White acquiesced to the restitution and reimbursement obligations and failed to timely object. Regardless, the State asserts that White's claim raises merely an

---

[2] According to the District Court's minutes, White appeared pro se and was sworn and testified via vision-net from the Crossroads Correctional Center in Shelby, Montana. Former Rosebud County Attorney, Michael B. Hayworth appeared on behalf of the State of Montana.

"objectionable" challenge, thus precluding the application of the *Lenihan* exception, and that the 1868 Treaty is not implicated.

¶12     It is undisputed that White failed to object at the time of sentencing. Even if a defendant fails to object at the time of sentencing, we invoke the *Lenihan* exception if the sentence is allegedly "illegal or exceeds statutory mandates." *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000. A sentence that is merely objectionable "does not rise to this level and would not invoke the *Lenihan* exception." *State v. Phillips*, 2013 MT 317, ¶ 24, 372 Mont. 317, 312 P.3d 445 (citing *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892).

¶13     White does not raise a plausible argument that the District Court's *sentence* is illegal or that the sentence fell outside statutory parameters. There is nothing illegal in the court's restitution sentence. We have held that a court's failure to consider a person's ability to pay constitutes only an objectionable sentence. *See Kotwicki*, ¶ 13 ("a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one"); *see also State v. Swoboda*, 276 Mont. 479, 482, 918 P.2d 296, 298 (1996); *State v. Nelson*, 274 Mont. 11, 20, 906 P.2d 663, 668 (1995). To the extent that White impliedly challenges the statute that permits the District Court to sentence White, this "as-applied" challenge is also considered objectionable, rather than illegal. *See e.g.*, *State v. Strong*, 2009 MT 65, ¶ 15, 349 Mont. 417, 203 P.3d 848 ("we decline to address Strong's as-applied constitutional challenge when raised for the first time on appeal"); *State v. Ellis*, 2007 MT 210, ¶ 7, 339 Mont. 14, 167 P.3d 869; *State v. Mainwaring*, 2007 MT 14, ¶ 20, 335

Mont. 322, 151 P.3d 53. Therefore, we decline to invoke the *Lenihan* exception and conclude the District Court did not err in denying White's motion.

¶14 Finally, we recognize that in the supplemental briefing before this Court, White challenged DOC's garnishment of tribal allotment payments that were deposited into his account. In light of the foregoing analysis, we conclude that it is unnecessary to reach these supplemental arguments in this case.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We affirm the District Court's denial of White's motion for remission of restitution.

/S/ PATRICIA COTTER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ MIKE McGRATH
/S/ JIM RICE